WILLIAM D. BLISS and JONATHAN JOHNSON *v.* L. ELLSWORTH, B. F. TUTTLE, J. S. CUTTER, J. B. HINKLE, Trustees of the City of Petaluma, and HUGH STOCKDALE.

Objection to Evidence—When Waived.—A party cannot for the first time in this Court object, on any ground, to evidence which was introduced by the adverse party at the trial in the Court below without objection made thereto.

Evidence tending to Rebut Abandonment.—Evidence tending to show that a party who, upon proper notification to him as the owner and occupant of certain lots in an incorporated city, had caused the streets fronting on the same to be graded as required by such notification, is pertinent and material in rebuttal of a claim that he had abandoned said lots, as tending to show his continued acts of ownership and control of the same, also as tending to illustrate the character and *bona fides* of his possession of said lots.

Appeal from the District Court, Seventh Judicial District, Sonoma County.

This was an action to compel the defendants, Ellsworth, Tuttle, Cutter, and Hinkle, who were the Trustees of the City of Petaluma, to convey by sufficient deed to the plaintiffs the north one hundred and thirty-four feet of Block X (according to Brewster's Survey) of the City of Petaluma, in accordance with the provisions of the Act of Congress of March 1st, 1867, entitled "An Act to quiet title to land in the Towns of Santa Clara and Petaluma, in the State of California," (U. S. Stats. at Large, 1866–7, p. 418.) Defendant Stockdale was impleaded as a party making a claim to said premises adversely to the plaintiffs, and in his answer he demanded that said premises should be conveyed to him by said Trustees. The principal issue in the case was whether the plaintiffs or defendant Stockdale held the *bona fide* occupancy of said premises on the first day of March, 1867, upon the determination of which depended the right of one party or the other to receive the demanded conveyance from said Trustees.

It appeared from the affidavit of Sweetland, mentioned in the opinion of the Court, that in 1864 he was President of the Board of Trustees of the City of Petaluma; that as such officer, under the instruction of said Board, he gave notice to the owners and occupants of certain streets in said city, including those on said Block X, to grade the streets in front of their respective premises; that he gave such notice to plaintiff Bliss, who at the time gave him a memoranda in writing setting forth the disputed premises by proper description, and claimed therein that he and plaintiff Johnson then occupied and owned the same; and that thereafter, in accordance with said notice, plaintiff Bliss caused the grading of the streets to be done in front of said premises; that in 1865, and about one year afterwards, defendant Stockdale asked him (Sweetland) who owned the premises in dispute, to which he replied that Bliss owned them and had caused them to be graded, and that defendant Stockdale then said he believed he had as good a right to said premises as anybody.

The plaintiffs had judgment as demanded in the Court below, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*F. D. Colton,* for Appellants.

*Wm. D. Bliss,* for Respondents.

By the Court, SPRAGUE, J.:

As between plaintiffs and defendant Stockdale, which was in the "*bona fide* occupancy" of the premises in controversy on the first day of March, 1867, seems to be the only question involved in this case in the Court below and on this appeal.

In the Court below, the cause was submitted to the Court upon an agreed statement of facts and an affidavit of one Sweetland, which was read in evidence in behalf of plaintiffs without objection, and the findings of the Court upon the facts and evidence so submitted answer the above question of *bona fide* occupation of the premises as follows:

"That on said first day of March, 1867, said premises were in the *bona fide* occupancy of the plaintiffs.

"That said premises were, not on the first day of March, 1867, and never have been, in the *bona fide* occupancy of defendant, Hugh Stockdale."

The above findings are fully sustained by the agreed statement of facts and evidence, as found in the record, and the judgment and decree of the Court, based upon these and other special findings of fact, to which appellants take no exception, should be sustained.

The affidavit of Sweetland was offered and read in evidence by plaintiffs without objection of any kind from defendants, and they cannot, in this Court for the first time, object to the same on the ground of immateriality or any other proper

ground of objection in the Court below; and even if objection had been made to this evidence at the proper time in the Court below, on the simple ground of immateriality, we think such objection would not have been well taken.   The facts contained in the affidavit are material and pertinent, as tending to show continued acts of ownership and control of the premises by plaintiffs in the years 1864 and 1865, to rebut a presumption of abandonment sought to be urged against them by defendant Stockdale; also, as tending to illustrate the character and *bona fides* of the possession claimed by defendant Stockdale on the first of March, 1867.

It seems entirely clear from the facts, as agreed upon and disclosed by the evidence of Sweetland, that all the possession of the premises ever acquired by defendant Stockdale was tortious, and a wanton trespass upon the pre-existing possession and rights of plaintiffs.   Such a possession cannot be regarded as *bona fide*.

Judgment affirmed, and remittitur directed to issue forthwith.