## UNITED STATES *v.* CRUSELL.

1. A continuance granted on an appeal from the Court of Claims, there having been a motion made there by the appellant, and yet undisposed of, for a new trial on the ground of after-acquired evidence. But the court declares that it must not be understood as giving any sanction to the idea that indefinite postponement of final hearing and determination can be obtained by repeated motions for continuance here.

2. The court below, not this court, must determine whether the application for a new trial is seasonably made.

THIS was an application by *Mr. Bristow, the Solicitor-General, and Mr. Hill, the Assistant Attorney-General, in behalf of the government*, for the continuance of an appeal from the Court of Claims, founded upon the fact that evidence had been newly discovered on which a motion in behalf of the United States had been made for a new trial, under the act

of June 25, 1868. By that act the Court of Claims is authorized "at any time, while any suit or claim is pending before, or on appeal from, said court, or within two years next after the final disposition of any such suit or claim," to grant a new trial on motion of the United States.

The motion was opposed by *Mr. J. Hughes*, for the appellee,

1st. On account of the fact which he stated, that the record and minutes of the Court of Claims showed, to wit, that more than two years had elapsed after judgment in the Court of Claims was given before a new trial was asked for.

2d. Because if a party, by the mere filing of a motion for a new trial in the court below, after appeal taken here, could get a continuance, an appellee might be delayed in this court indefinitely. The case would be different, he admitted, if a new trial had been actually granted; for then indeed a dismissal of the appeal might be asked.

The CHIEF JUSTICE delivered the opinion of the court.

In the case of the *United States* v. *Ayres*[*] this court denied a motion to dismiss an appeal from a judgment of the Court of Claims when the motion was made upon the sole ground that a motion for a new trial had been made by the United States, and was pending in that court, but afterwards dismissed the same appeal when a new trial had been granted. We are satisfied with the rulings then announced, and think that the spirit of them requires us to allow the continuance now asked for. We must not be understood, however, as giving any sanction to the idea that indefinite postponement of final hearing and determination can be obtained by repeated motions for continuance here.

The objection that more than two years had elapsed after judgment in the Court of Claims before the motion for new trial was made should be addressed to that court in opposition to the motion. Its decision, whatever it may be, can be reviewed here.

CONTINUANCE GRANTED.

_____

[*] 6 Wallace, 608.