*668 Mr. Jufitiee BRADLEY
delivered the opinion of the court.
"We think that the Court of Claims erred in dismissing the motion for a new trial as for want of jurisdiction; that the counsel for the United States mistook their remedy in appealing from that decision; and that the claimant has equally mistaken his remedy in applying for amaudarrmsto vacate the allowance of the appeal.
The difficulty has arisen out of the anomalous provisions of the 2d section of the act of June 25th, 1868. The policy of this act was undoubtedly dictated by the fact that the government agents are at a great disadvantage in defending suits in the Court of Claims on account of their personal ignorance of the facts, and of the witnesses and evidence necessary to rebut the petitioner’s case; for all which they have to depend on distant and uninterested parties, or parties whose sympathies and, perhaps, whose interests, are with the claimants, whilst the claimants have had years to prepare and get up their cases and to select the most favorable proofs to sustain them. Prom these causes, no doubt, the government is often greatly defrauded, and claims are proved and adjudged against it which have really no just grounds, or which have long since been settled and paid. But whatever reason Congress may have had for passing the act, of its right to pass it there is no question. The erection of the Court of Claims itself, and the giving to parties the privilege of suing the government therein, though dictated by a sense of justice and good faith, were purely voluntary on the part of Congress; and it has the right to impose such conditions and regulations in reference to the proceedings in that court as it sees fit.
The section in question was undoubtedly intended to give the government an advantage, which, in respect to its form, is quite unusual, if not unprecedented, but which Congress undoubtedly saw sufficient reason to confer. It authorizes the Court of Claims, on behalf of the United States, at any time while a suit is pending before, or on appeal from, said court, or within two years next after the final disposition of such suit, to grant a new trial upon such evidence as shall *669 satisfy the court that the government lias been defrauded or wronged. The question is, what is meant by the final disposition of the suit from which the two years of limitation is to date. And it seems to us there is hardly room for a doubt. Looking at the words in their collocation with the previous words, it seems evident that the final determination of the suit has reference to its final determination on appeal (if an appeal is taken), or, if none is taken, then to its final determination in the Court of Claims. The natural meaning of the words leads to the same conclusion. The final determination of a suit is the end of litigation therein. This cannot be said to have arrived as long as an appeal is pending. Neither the existence nor the determination of the appeal interferes with the right, on the part of the government, to apply for a new trial; and, of course, the mandate from this court cannot affect it.
It has been objected that the granting of a new trial after a decision by this court is, in effect, an appeal from the decision of this court. This would be so if it were granted upon the same case presented to us. But it is not. A new case must be made; a case involving fraud or other wrong practiced upon the government. It is analogous to the case of a bill of review in chancery to set aside a former decree, or a bill impeaching a decree for fraud.
¥e are of opinion, therefore, that the Court of Claims had jurisdiction to grant a new trial, notwithstanding the filing of the mandate of this eoui’t.
The other ground on which the court dismissed the motion, namely, that on the first hearing the court was equally divided, was no valid reason for not proceeding after an order for a rehearing had been made.
The next question is as to the proper remedy of the counsel for the United States upon the dismissal of their motion. To us it seems clear that they should have applied to this court for a mandamus. An appeal was not the proper remedy. The Court of Claims did not reach the consideration of the motion for a new trial on its merits; but stopped *670 short of that point by reaching the conclusion that, under the circumstances, they had no jurisdiction to entertain the motion, and therefore they dismissed it. The only proper remedy, therefore, which was left to the United States was to move for a mandamus to direct the court to proceed with the motion. Where a court declines to hear a case or motion, alleging its own incornpeteucy to do so, or that of the party to be heard, mandamus is the proper remedy. A writ of error or appeal does not lie; for what has the appellate court to review where the inferior court has not decided the case, but has refused to hear it? Where a final judgment or decree to which a writ of error or an appeal can be taken is based on a supposed want of jurisdiction, that question, as well as other questions, may be examined by the appellate court.. But that, as we have shown, is not the case here.
If this view- as to the proper course of proceeding is correct, it follows that the appeal taken by the counsel for the government was not well taken, and that this court would dismiss it upon proper application here.
But w.e cannot grant a mandamus to the Court of Claims to cause them to vacate their allowance of the appeal. That would be to use the writ for the purpose of compelling the inferior court to decide a case or question in a particular manner. If we should grant a mandamus in the case at all, it would be adverse to the claimants, namely, a mandamus to vacate the allowance of the appeal, and to proceed with the hearing of the motion for a new trial. Perhaps, on the principle of going back to the first error, we might do this; especially, as by their appeal, the defendants, though not in the proper mode, have asked us to do substantially the same thing by reversing the order dismissing their motion for new trial.
However, since the appeal has been actually allowed, and the court below bas thus lost possession of the case, and as it is now wdthin the control of this court, we think the more orderly and proper course would be for one or the other party to move to dismiss the appeal, and for the counsel of the United States, if they see fit, to move for a distinct *671 mandamus to require the Court of Claims to proceed. A motion to dismiss the appeal where it. has been improperly allowed is an adequate remedy, and this is an additional reason why a mandamus commanding the court below to vacate the allowance thereof should not be granted.
It is suggested that a party wishing to move the dismissal of an appeal is obliged to await the arrival of the term to which the record ought to be returned, which occasions great delay. But as the case is virtually in the possession and subject to the control of this court as soon as the appeal is effectively taken, we see no reason why the appellee should not at any time when the court is in session, apply to have the appeal dismissed, provided the question can be properly presented to the court. Of course the court would not hear the motion without having the record before it; but that could be procured and presented by the appellee as is done where the appellant has failed to have the record tiled in due time. In many cases the court might decline to hear the motion until the record were printed; but that could also be done by the appellee, if he desired to have a speedy hearing of the matter. Unless some unforeseen inconvenience should arise from the practice, we shall not refuse to hear a motion to dismiss before the term to which, in regular course, the record ought to be returned. It would be likely to prevent great delays and expense, and further the ends of justice.
The motion for mandamus must be
Denied.
If the counsel for the United States desire to dismiss their appeal and ask for a mandamus to the Court of Claims to proceed with the motion for a new trial, it will be granted. But probably counsel will be able, in view of the suggestions now made, to come to some mutual arrangement by which further process or delay may be avoided.-