## Ex parte: In the matter of the United States.

1. The power of the Court of Claims, under the second section of the act of June 25th, 1868, to grant a new trial in favor of the United States, if moved for within two years next after the final disposition of the suit, is not taken away by the affirmance of the judgment on appeal, and the filing in that court of the mandate of affirmance.
2. Where a court is, like the Court of Claims, composed of five judges, and a motion for a new trial of a case is argued before, and submitted to, four of them, who, in conference, are equally divided in opinion; but the majority do not order any judgment to be announced in open court based upon such equal division, and none is so announced; and afterwards a majority of the whole court remand the motion to the law docket for reargument; the fact that two of the judges, at the time of such remanding, file their decision that the motion be denied upon the merits, does not decide the question involved in the motion, nor take away the jurisdiction of the court to hear and decide the motion upon reargument.
3. In such a case a peremptory mandamus issues, commanding the court to proceed to hear and decide the motion.

On motion by the Attorney-General, for an alternative writ of mandamus directed to the Court of Claims, commanding the said court to hear and decide certain motions for a new trial in the case of *Russell* v. *The United States** (in which case the said Russell set up a claim for services of the steamer J. H. Russell, which he alleged had been impressed into the service of the United States during the rebellion), and for stay of payment of a judgment given by the said court against the United States in that case, or in default thereof to show cause to the contrary.

[This case was a continuation in another form of *Ex parte Russell*,† where this court had occasion to consider the meaning of the act of June 25th, 1868, which enacts that the Court of Claims, at any time while any suit is pending before or on appeal from it, or within two years after "the final disposition" of any such suit, "may, on motion, on behalf of the United States, grant a new trial .... and stay the payment of any judgment;" and where, on the same

---

* See 13 Wallace, 623.    † Ib. 664.

facts as are hereinafter stated, the Supreme Court held that the words "final disposition" extend to a final disposition of any case before *it*, and that mandamus and not appeal was the proper remedy. The points involved in this case will be better understood by reading the report of that one.]

The rule *nisi* being granted, the chief justice and judges of the Court of Claims, in answer to the rule, submitted to this court the following statement of the facts connected with the motions specified in the rule, and the action of the Court of Claims and the judges thereof, in reference to the first named of the said motions; the said statement by them being dated April 24th, 1872, and signed by the whole five judges of the court.*

"On the 1st of June, 1871, the Assistant Attorney-General of the United States filed in the said Court of Claims, on behalf of the defendants, a motion for a new trial in the case of *Russell* v. *The United States*, and assigned as a ground for the motion that fraud, wrong, and injustice had been done in the premises, in this: that for a part of the amount for which judgment had been rendered by this court in favor of the said Russell, his receipt in full had been found in the office of the Third Auditor of the Treasury, which receipt had come to the knowledge of the Attorney-General after the rendition of said judgment.

"On the 18th of September, 1871, he filed in the clerk's office of the court a specification of additional reasons for a new trial in support of the motion filed by him on the 1st of June, 1871, as aforesaid; one of which specifications indicated that, owing to a variance between the original depositions filed in the cause by the claimant and the printed copies thereof, upon which the judgment was rendered in favor of Russell, the said judgment was largely in excess of the amount which Russell should have recovered, as appeared from the actual evidence in the case, which variance had come to the knowledge of the Attorney-General after the rendition of the judgment in favor of Russell; and the other of the specifications averred that it appeared, from original receipts on file in the office of the Third Auditor of the Treasury, and from original reports on file in the office

---

* Drake, C. J., and Loring, Peck, Nott, and Milligan, JJ.

of the Quartermaster-General (copies of which receipts and reports were filed with the said specifications), that the steamer J. H. Russell was not seized or impressed into the service of the United States, as alleged by Russell, and as this court found, but was employed by the United States simply as a common carrier; and that Russell had been paid in full for the services of the boat during the time covered by the judgment; and that the said receipts and reports first came to the knowledge of the Attorney-General after the rendition of the judgment in favor of the said Russell.

"On the 22d of November, 1871, the said motion for a new trial having been argued on behalf of the defendants in support of it, and on behalf of the said Russell against it, before the court composed of Drake, Chief Justice, and Loring, Peck, and Nott, Judges, was submitted to the court.

"In conference thereon the said judges were equally divided in opinion; but the majority of them did not authorize any judgment to be entered in open court upon the motion; nor was any such judgment rendered.

"On the 11th of December, 1871, while the said motion was still pending in conference before the judges to whom it had been submitted, the Assistant Attorney-General filed a motion in open court to remand the said motion for a new trial to the law docket for a reargument;* and on the 13th day of the said month, it was ordered by the majority of the court† that a re-argument of the motion for a new trial should be granted; whereupon Judges Peck and Nott dissented, and Judge Nott read in open court and placed on file the following opinion, giving reasons for their dissent:

"'The defendants' motion for a new trial in this case was argued before and submitted to four of the judges of this court for their decision. It was also stated on the argument by the counsel for the claimant, and conceded by the counsel for the defendants, that the Supreme Court had affirmed the judgment of this court. Subsequently, and while the motion was still under advisement, an oral suggestion was made by the Assistant Attorney-General

---

* The Court of Claims has a "General Docket" on which all cases coming into the court are entered in their numerical order, and a "Law Docket" on which questions of law, such as the validity of demurrers, &c., are entered.—REP.

† Milligan, J., had now taken his seat on the bench; thus making a court of five persons.—REP.

that the case be remanded and heard before a full bench, the only legal reason assigned being the decision of the Supreme Court affirming the judgment of this court. The counsel for the claimant objected, on the ground that the decision of the Supreme Court had been known and was announced on the hearing. The suggestion of the Attorney-General was not a motion, according to the rules of the court, but it was subsequently reduced to writing and filed.

" ' We are of the opinion on these facts that the final judgment of this court, affirmed by the Supreme Court, is property which cannot be taken away except by proceedings in due form of law, and that it should be protected by the full discharge of our judicial duty; that the four judges who heard the motion constitute a tribunal which can alone decide it, and that it is the right of the parties to have it decided by them; that the fifth member of the court, who did not hear it, and to whom it was not submitted, can take no part in its disposition; that the suggestion of the Assistant Attorney-General presents no legal or just ground for ordering a reargument; and that the defendants' motion for a new trial is unjust, inequitable, and contrary to the intent of both the statute and the common law, and it must be denied.

" ' We are also of the opinion that this decision, by a moiety of the four judges constituting the tribunal that heard the motion, and to which it was submitted, does, *ipso facto*, deny the motion, according to the constant and invariable practice of this court and of the Supreme Court; and that on its rendition an order should be entered by the court denying the motion.'

"On the 12th of December, 1871, the attorney of the said Russell produced in open court the mandate of the Supreme Court of the United States, affirming the judgment rendered by this court in favor of said Russell, and the same was ordered by this court to be placed on file.

"On the 29th of January, 1872, the said motion for a new trial came up before a full bench of this court for reargument, when a majority of the court decided, for the reasons stated in the following order entered on the record of the court, that the said motion should be dismissed, the Chief Justice and Loring, J., dissenting:

" ' In this case it was ordered that the defendants' motion for a new trial be dismissed for want of jurisdiction, because, since the same was made, the mandate of the Supreme Court has been filed affirming the judgment of the court in this case, and because two of the four judges before whom the motion was argued, and to whom it was submitted on the 21st of November, 1871, have heretofore rendered and filed their decision that the motion be denied upon the merits.'

"Since the making of this order no action has been taken by this court in reference to said motion for a new trial.

"The reasons assigned in said order against the jurisdiction of this court to hear and determine said motion, are the only cause which the majority of the court have to show why the alternative mandamus should not issue from the Supreme Court in this case.

"In regard to the motion for stay of payment of judgment in the case of said Russell, which was filed by the Assistant Attorney-General, on behalf of the defendants, on the 11th of November, 1871, no action has at any time been taken by this court in relation thereto, and it is now on the files of this court undecided.  It was a motion to stay payment of the judgment pending the said motion for a new trial, and the Assistant Attorney-General has not heretofore called it up for hearing."

Justices Peck and Nott, for themselves, gave these additional reasons against the rule:

"That the defendants, by voluntarily arguing their appeal in the Supreme Court, after having made their several motions in the Court of Claims, which they did not proceed to argue in apt time, and by allowing the Supreme Court to proceed to judgment thereon while their motions in the Court of Claims were still pending, were guilty of experimenting upon the decisions of both courts, in a manner prejudicial to the ends of public justice; and that the course pursued by them in the Supreme Court while their motions in the Court of Claims were still pending, must be deemed a withdrawal of those motions from the latter court.  And that it was against the course of justice for the defendants to subject the claimant to the expense and risk of a needless trial in the Supreme Court."

After argument by *Mr. G. H. Williams, Attorney-General, for the motion, and Mr. William Penn Clarke, contra,* the court, on the 6th of May, 1872, ordered a PEREMPTORY MANDAMUS to issue, commanding the Court of Claims to hear and decide the motions for a new trial.

On the 31st of August following, the claimant, Russell, filed in the Court of Claims a remittitur of $4000 of his judgment, being one of the sums on account of the allowance of which in the judgment of that court, the defendants moved for a new trial; and the remainder of his claim was paid at the Treasury.