Eichardson, Ch. J.,
delivered the opinion of the court:
The claimant, by petition filed September 20,1886, presents claims founded upon two acts of Congress.
The defendants move to dismiss, “ because,” as alleged, “this court has neither original nor concurrent jurisdiction under the Constitution and laws of the United States to hear and determine a cause in which a State is a party in a suit against the United States.”
Article 2, section 3, of the Constitution provides that, “ in all cases affecting ambassadors, other public ministers and consuls, and those in which a State shall be a party, the Supreme Court shall have original jurisdiction.”
As to this clause it has been authoritatively decided, by the unanimous opinion of the Supreme Court, that it does not confer upon that court exclusive jurisdiction in such cases, and that it is within the power of Congress to grant to inferior courts of the United States jurisdiction in cases where the Supreme Court has been vested by the Constitution with original jurisdiction only. (Ames v. Kansas, 111 U. S. R., 449.)
And if the Constitution were otherwise interpreted, parties might still waive their constitutional privileges. The seventh article of amendment provides that “ in suits at common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved,” but it has long been provided by statute that issues of fact may be determined by the court, without the intervention of a jury, where the parties in writing waive the jury (Rev. Stat., § 649); and even independently of that statute, parties might always have waived trial by jnry. (Henderson’s Distilled Spirits, 14 Wall., 44, 53.)
*89 We have no doubt that Congress may submit controversies of the United States with States to any tribunal, judicial or otherwise, which the States may be Willing to accept. .
The assistant to the Attorney-General argues that concurrent jurisdiction has never been granted to the Court of Claims to hear and determine cases in which the claimants are States of the Union, and he cites Revised Statutes, section 687, as showing that to the Supreme Court alone is granted jurisdiction of such cases. ■
That section is as follows:
“ Sec. 687. Tbe Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature where a State is a party, except between a State and its citizens, or between a State and citizens of other States, or aliens, in which latter cases it shall have original, but not exclusive jurisdiction.”
The answer to the objection to the jurisdiction of this court on account of that section is manifest. It has no application to claims against the United States, because Congress has never consented that the Government may be sued except in f.h is forum and in a way and upon causes of action specially pointed out. There are not now and never have been any “ controversies” with the United States “ of a civil nature where a State is a party ” to which this section could apply, and Congress in enacting these provisions did not contemplate suits against the United States which, at the time of its first adoption were not authorized to be brought in any court.
That section, and the constitutional provision upon which it is founded, evidently refer to suits in which one party or the other is involuntarily drawn, and not to those which may result from agreement, as do all suits in this court. It was said by Mr. Justice Bradley in Russell v. The United States (13 Wall., 664, and 7 C. Cls. R., 273), “ the erection of the Court of Claims itself, and the giving to parties the privilege of suing the Government therein, though dictated by a sense of justice and good faith, were purely voluntary on the part of Congress.”
In the present case the claimants and the defendants are here voluntarily, by petition on the part of claimants and on the part of defendants, by act of Congress (if the former be included in the terms of the general jurisdiction act, as we think they are), and neither can object to what they have agreed to.
The assistant to the Attorney-General further insists that *90 section 1059 of the Revised Statutes, under which the present action is instituted, does not include claims by States. That section provides that “ the Court of Claims shall have jurisdiction to hear and determine the following matters: First. All claims founded upon any law pf Congress, or upon any regulation of an Executive Department, or upon any contract, expressed or implied, with the Government of the United States.” * * *
It is true that States are notmentioned, and it is equally true that no parties whatever are specifically named. The court is given jurisdiction over the subject-matters therein described, and no parties having claims coming within the classes enumerated are excluded, except aliens in certain cases. (Rev. Stat., § 1068.) It is the subject-matter, and not the parties, which determines the jurisdiction. Corporations, counties, towns, and cities are not mentioned, and yet their right to bring actions in this court has never been questioned. Many cases by corporations, have been maintained here and in the SupremeCourt on appeal. (New Bedford and New York Propeller Company, 14 Wall., 671, affirming the judgment of this court, 5 C. Cls. R., 270; Borne Insurance Company, 22 Wall., 99, and 8 C. Cls. R., 449; State National Bank and Merchants’ National Bank of Boston, 96 U. S. R., 30, and 10 C. Cls. R., 519, and others more recent.).
A State is a public corporation (Walker’s American Law, see-92), making contracts, entering into obligations, and doing business in many things like individuals, and in all those matters they have the same rights and remedies in court as do individuals under like circumstances, and general laws usually apply to them in like manner. It is stated in Dillon on Corporations, section 31 (14), upon the authorities there cited, that “ a State, as it can make contracts and suffer wrongs, so it may, for this reason, and without express provision, maintain in its corporate name actions to enforce its rights and redress its injuries.”
Three cases in which States were claimants have been brought in this court, one under the General Jurisdiction Act (State of Texas Case, 7 C. Cls. R., 301), and two under the Bowman Act, which in like manner confers a peculiar jurisdiction over subject-matters without naming any class of parties. (State of Illinois and State of Texas, 20 C. Cls. R., 342, 394.) In each of these cases the Attorney-General submitted to the jurisdiction of the court without objection, and up to this time it seems *91 to have been conceded on all sides that a State might maintain an action in this court. The present is the first case inu which the jurisdiction has been questioned.
Attorney-General MacVeagh had no doubt of the right, when, in 1881, he advised the Secretary of the Treasury to retain out of an appropriation for the State of Kansas a sum sufficient to cover a controverted claim in favor of the United States, in order that the State might institute an action in the Court of Claims, where the claim of the Government could be pleaded in set-off or as a counter-claim, and judicially determined. (17 Op. Att’ys Gen.)
There is no good reason why a State'should be excluded from the right of suing in this court like other claimants. The court was established not only to furnish a tribunal for the benefit of claimants, but to relieve Congress from the burden of investigating controverted claims against the Government. If a State could not sue here it could go to Congress and nowhere else for redress, and to that extent the expected relief would be defeated. We cannot, by construction and implication, find that Congress, in the acts conferring general jurisdiction over certain subject-matters, intended to exclude States from its benefits.
The motion to dismiss is overruled.
Nott, J.,
delivered the following opinion:
Upon the defendants’ motion to dismiss this case for want of jurisdiction, I have reached the following conclusions:
(1) Jurisdiction relates both to the subject-matter of the action and the person of the parties. Wh en a court is invested with jurisdiction of the subject, any person having capacity to bring an action may enter the court in the character of plaintiff and maintain his action, unless there be some express restriction which excludes him from the court.
(2) The case of Ames v. The State of Kansas (111 U. S. R., 465), seems to me conclusive as to the right of a State to sue in courts in which it is not liable to be sued; i. e., to enter a court as plaintiff, though the court, being without jurisdiction of the person of the State, could not compel it to come in as defendant.
(3) The language of the Judiciary Act (1 Stat. L., p. 73, § 13), taken literally, does certainly confer upon the Supreme Court *92 u exclusive jurisdiction,” save in certain excepted cases, of which, this caséis not one; but the Judiciary Act was not obligatory upon Congress, and did not preclude Congress from subsequently creating a tribunal in which a State might voluntarily enter as plaintiff, and, like other bodies corporate having capacity to sue, maintain an action against the General Government ; and there is nothing in the act creating this court to indicate that the several States, and no other persons, natural or corporate shall be excluded from the legal redress which it is intended to give. Finally, this court is but a channel to the Supreme Court, the United States having an appeal in every case, and the question of the claimant’s rights and the question of this court’s jurisdiction can be considered there at the same time.