Peelle, J.,
delivered the opinion of the court:
The question arises on the defendants’ motion for a new trial in a case wherein judgment was rendered on the Cth day of February, 1893, for $1,447.50 on the stipulation of the parties agreeing to accept the amount allowed by the Secretary of the Interior for a depredation committed by the defendant Indians iu the Territory, now State, of Oregon, October 23, 1855, as provided by section 4, act MarSh 3, 1891 (26 Stat. L., 851, and 1 Supp:E. S., 2d ed., p. 913). By the terms of that section it is provided that all allowed unpaid claims “shall have priority of consideration,” and further, that “judgments for the amounts therein found due shall be rendered unless either the claimant or the United States shall elect to reopen the case and try the same before the court,” etc.
At the time the stipulation of the parties was submitted no question as to rhe jurisdiction of the court was raised or suggested, and, acting under the otherwise mandatory provision of the statute, the court directed judgment to be entered thereon.
Since that time, however, the court in a number of litigated cases, and particularly in the cases of Love (29 G. Cls. R., 332) and Valle (29 C. Cls. R., 62), has found and adjudged that the defendant Indians were not in amity with the United States during the period covered by the depredation in the case at bar.
Following these decisions the defendants, within two years from the date of the judgment rendered herein, to wit, November 26,1894,filed their motion for a new trial in these Avords:
“In this cause, wherein judgment was rendered on February 6,1893, for the sum of $1,447.50, comes the Assistant Attorney-General, for and on behalf of the defendants, and moves the court for a new trial thereof, in accordance with the provisions of section 1088 of the Eevised Statutes of the United States, for the reason that in the award of said judgment wrong and injustice were done the United States, in this, that—
“(1) The defendant Indians at the date of the -alleged depredation Avere not in amity with the United States.
*471 “ (2) The Secretary of the Interior was without authority to allow said claim.’
“ (3) The stipulation for judgment was without authority of law.
“ (4) In entering the judgment pro forma the court was without jurisdiction, and said judgment operates as a wrong and injustice to the United States "and the defendant Indians.
“Wherefore said judgment should be set aside and vacated, and anew hearing thereof awarded by the court.”
By the act August 23, 1894 (28 Stat. L., 424, 476), making appropriations to supply deficiencies for the fiscal year ending June 30,1894, and prior years, including appropriations to pay the judgments of the Court of Claims in Indian depredation cases, it was provided:
“That no one of the said judgments’shall be paid until the Attorney-General shall have certified to the Secretary of the Treasury that he has caused to be examined the evidence heretofore presented to the Court of Claims in support of said judgment and such other pertinent evidence as he shall be able to procure as to whether fraud, wrong, or injustice has been done to the United States, or whether exorbitant sums have been allowed, and finds upon such evidence no grounds sufficient in his opinion'to support a new trial of said case; or until there shall have been filed with said Secretary a duly certified transcript of the proceedings of the Court of Claims denying the motion made by the Attorney-General for a new trial in any one of said judgments.”
Thereafter, to wit, March 16,1895, the defendants filed a motion in these words:
“ Comes the Assistant Attorney-General and moves the court for leave to amend the motion for a new trial in the above cause by striking from the original motion on file the words ‘in accordance with the provisions of section 1088 of the Revised Statutes of the United States,’ and to grant the new trial on the motion therefor as amended.”
Although the motion for a new trial was filed within two years, under the provision of Revised Statutes, section 1088, it will be observed that the motion to amend the motion for a new trial by striking out the words “ in accordance with the provisions of section 1088 of the Revised Statutes of the United States,” was filed more than two years after the rendition of the judgment.
The claimant’s first contention is that, inasmuch as his claim was examined and allowed by the Secretary of the Interior under the act of 1885, and neither party had elected to .reopen *472 the case, that therefore the judgment rendered therein was a final determination of the case within the meaning of section 7 of the Indian depredation act, 1891.
But the judgment so rendered was by the terms of that section made final only in the event a new trial or a rehearing was not granted by the court or the judgment was not reversed or modified on appeal.
True, the Assistant Attorney-General, then in charge of Indian depredation cases, did not consent that judgment might be rendered for the amount allowed by the Secretary of the Interior, by signing a stipulation reciting the facts and agreeing not to reopen the case, but his act in that respect did not estop the United States from making a motion for a new trial in the manner provided by law therefor, nor did his action in that respect conclude the court from granting a new trial thereon.
It is too well known to require argument that jurisdiction can not be conferred by consent.
The conditions which the Congress annex to the right to sue the United States can not be waived, and so judgments rendered by agreement of parties, as in the case at bar, have no more sanctity in respect of motions for a new trial than judgments rendered in litigated cases.
The claimant’s further contention is substantially (1) that section 1088 is not applicable to motions for new trials under the Indian depredation act 1891, and (2) that the defendants by their amendment striking out the words quoted from the motion for a new trial, thereby abandoned their right to a new trial under that section, thus leaving their motion as an ordinary one at common law; and having been filed after the term at which the judgment was rendered, the motion is too late and should be overruled.
Section 1088 is as follows:
“The Court of Claims, at any time while any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, may, on motion on behalf of the United States, grant a new trial and stay the payment of any judgment therein, upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the x>remises has been done to the United States; but until an order is made staying the payment of a judgment, the same shall be payable and paid as now provided by law.”
*473 That section, as was held in the case of Young v. United-States (95 U. S. R. 641, 643), “was passed for the protection of the United States. It constitutes one of the conditions which Congress has seen fit to attach to the grant of a. right to sue the United States. The suitor can not complain, for he accepted this condition of the jurisdiction when he commenced his suit.”
In the case of United States v. Crusell (12 Wall., 175, 176) it was held that “the objection that more than two years had elapsed after judgment in the Court of Claims before the motion for a new trial was made should be addressed to that court in opposition to the motion.”
And if the court has jurisdiction to act, its decision is not subject to review. (Young v. United States, supra.)
In the case of Hx parte United States (16 Wall., 699) it was held, in substance, that if a motion therefor be made within two years a new trial may be granted, even though the judgment has been affirmed on appeal and the mandate thereof filed.
And further, it has been held that such motion may be made while the case is pending on appeal, and if granted and the judgment vacated and a new trial ordered it is sufficient ground for the dismissal of the appeal. (United States v. Ayres, 9 Wall., 608.)
It will thus be noticed that the Supreme Court has gone a long way to sustain, under various conditions, the right of the Government to maintain a motion for a new trial under section 1088; and inasmuch as there is no language in the Indian Depredation Act excepting section 1088 from its provisions, we must hold that motions thereunder are applicable in Indian depredation cases. (See Gorman Case, 29 C. Cls. R.., 97.)
The motion for a new trial in this case was under that section, assigning as a reason therefor “ that in the award of said judgment wrong and injustice were done the United States,” among other things, because “the defendant Indians at the date of the alleged depredation were not in amity with the United States.”
If that be true, and we have so held since in other cases, then wrong and injustice were done the United States in this, that by the Indian Depredation Act they have only consented to be sued by citizens whose property was “taken or destroyed by Indians belonging to any band, tribe, or nation in amity with the United States.”
*474 These are the conditions upon which the United States have consented to be sued, and before any judgment can be rendered against them such jurisdictional facts must appear. (Young v. United, States, supra.)
The amendment to the motion striking out the words “in accordance with the provisions of. section 1088 of the Revised Statutes of the United States” also asked that a new trial be granted on the motiou as thus amended.
The material words in the statute, i. e., “ that in the award of the judgment wrong and injustice were done the United States,” still remain, and they are quite sufficient to enable the court to conclude that the motion is based on said section.
The motion having been filed within time, after the court’s decision in respect of the amity of the defendant Indians in other cases, and is still pending, we must conclude that the Government desires to avail itself of the right given to it by statute, and attributing, as we must, good faith to its officers, we hold that the motion, though amended in the manner indicated, is still good as a motion for a new trial under said section.
A motion for a new trial, however worded, which shows want of jurisdiction in the court to render the judgment must, if filed after the term at which the judgment was rendered and within two years from the date thereof, be treated as a motion under section 1088, as any judgment rendered without jurisdiction necessarily imposes a wrong upon the judgment defendants.
Having reached this conclusion, we need not consider the question as to whether a motion for a new trial under the appropriation act August 23,1894 {supra), would lie.
The defendant Indians not having been in amity with the United States at the date of the depredation for which the judgment was rendered herein, the Secretary of the Interior was without authority to examine and allow the claim, as was held in the Leighton Case (29 C. Cls. R., 288).
Nor is there any express stipulation in the treaty with the defendant Indians (Revision of Indian Treaties, pp. 729-732) whereby they agree to pay for losses for depredations, and the Secretary of the Interior was therefore without jurisdiction in the premises under the act 1885, as was ruled in the Mares Case (29 O. Ols. R., 197).
For the reason stated, the motion for a new trial must be allowed, which is accordingly done