Campbell, Chief Justice,
delivered the opinion of the court:
The defendant has filed a motion for a new trial and seeks an amendment of the findings as well as the right to take new or additional testimony. The motion is filed in a double aspect in that it is a motion under the rules of the court for a new trial and in some features is a motion under section 175 of the Judicial Code, which authorizes a new trial under certain conditions.
Taken as a whole, the motion presents an anomalous situation. It practically admits that the defendant had not properly prepared the defense which it now claims could have been prepared; that it did not make request for findings which could haA'e been made upon the record, which it now asserts would have sustained these other findings; and that it failed to take testimony which it should have taken.
*498 Neither the rules of the court authorizing motions for new trial nor section 175 of the Judicial Code are intended to justify laches or negligence on the part of the defendant’s officers charged with the defense of suits in this court. The rule of the Supreme Court, applicable to both plaintiff and defendant, requires the filing of requests for findings of fact at or before the time of trial. The reason for such a rule is manifest, and it is not contemplated that the court shall try the case upon the theory advanced by one party, and, upon findings contrary to such contention, allow him to try the case upon another theory. The rule is in the interest of a final disposition of cases, and is not intended to produce a condition where the final disposition of them may be prolonged indefinitely. Nor is the motion for a new trial under the rules of the court the same as a motion under section 175, Judicial Code.
The defendant asked to be allowed to adduce proof of conversation with the patentee, who was plaintiff’s assignor, and oflicers of the Government relative to the effect of his patent, and claimed that this evidence was not known to the defendant’s counsel having charge of the defense, na.mp.ly, the Attorney General or his assistant. We think the showing is sufficient on this point to allow the taking of the testimony as in the nature of after-discovered evidence and can be granted under the rules of the court allowing neAv trials.
Other features of the motion could not be sustained upon the motion for a new trial under the rule; but if it be true, as alleged, that the record contains evidence which would vitally alter the findings of fact as made, the court would not hesitate to make the correction, though the matters were not called to its attention at the time the case was tried, either in oral argument or by request for findings.
The motion contemplated by section 175, Judicial Code, is largely analogous to a bill in the nature of a bill of review in equity to set aside a former decree, or a bill impeaching a decree for fraud. Ex parte Russell, 13 Wall., 664, 669. The relief provided for by that section grows out of errors of fact through which the Government has suffered wrong or injustice, and, generally speaking, a new trial will not be *499 granted under this section for error of law. In re District of Columbia, 160 U. S., 250.
Where it appears that the new facts relied upon to establish fraud, wrong, or injustice were unknown to the Attorney General or the attorneys for the Government controlling the defense of the suit, though such facts were known to other officials of the Government not connected with the case, a motion for a new trial under section 175, Judicial Code, may be allowed. Ex parte Russell, 13 Wall., 664, 668; Ex parte United States, 16 Wall., 699, 700; Ford v. United States, 18 C. Cls., 62.
In accordance with these principles the court has granted the motion in part and overruled it in part. The defendant is authorized to take certain new or additional evidence indicated in the order made after .consideration of defendant’s motion. Both parties have leave to make requests for new findings or to amend the findings heretofore made, and the case is set on the April calendar for disposition.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth. Judge, concur.