## MANGURAN v. McCLINTIC, District Judge.

### No. 3056.

Circuit Court of Appeals, Fourth Circuit.

July 16, 1930.

J. Raymond Gordon, of Charleston, W. Va., for petitioner.

Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va., for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and GRONER, District Judge

PER CURIAM.

The petitioner, Simon Manguran, filed with this court, on July 5, 1930, a petition setting forth that he had entered a plea of guilty to a charge of possession of untaxpaid liquor and had been sentenced by the District Judge of the Southern district of West Virginia to a term in the Federal Penitentiary in Atlanta. He further stated in the petition that his plea of guilty had been entered pursuant to an arrangement with the district attorney by the terms of which he was to be admitted to probation and was to be used as a witness against another person supposed to be guilty of the same crime, but that the District Judge had ignored this arrangement in imposing sentence upon him and had refused to allow him to file a petition setting forth the facts and asking that the sentence be set aside and that he be allowed to withdraw his plea of guilty. The petition concluded by praying that a writ of habeas corpus be awarded petitioner to inquire into the legality of his imprisonment.

We were of opinion that, upon the face of the petition, the petitioner was not entitled to a writ of habeas corpus, but was prima facie entitled to a writ of mandamus directing the District Judge to hear and pass upon his petition. 38 C. J. 633; Ex parte Roberts, 15 Wall. 384, 21 L. Ed. 131; In re Russell, 13 Wall. 664, 20 L. Ed. 632; In re United States, 16 Wall. 699, 21 L. Ed. 507. We accordingly entered an order directing that he certify to us the facts with respect to the matters set forth in the petition, to the end that we might determine whether an order should enter directing that petitioner be allowed to file his petition and that the District Judge be required to pass upon same and find the facts with regard thereto. This order was in effect an order to show cause why the writ of mandamus should not be granted. 38 C. J. 908, and cases cited. And it is well settled that the use of such order to show cause as substitute for an alternative writ of mandamus is proper.

The District Judge has filed his certificate with this court, setting forth the facts as to the matters alleged in the petition. From this statement it appears that he was not a party to any agreement made with the petitioner and that he did not lead petitioner to believe that he would act upon any recommendation, and, on the contrary, distinctly advised petitioner before his plea of guilty was entered that he would not be bound by the recommendation if one was made, and, in spite of this warning, petitioner thereafter entered his plea of guilty. While the District Judge has not in his certificate denied that he refused to consider the petition which petitioner's counsel attempted to file with him, it appears from his certificate that, in passing sentence upon petitioner, he gave full consideration to the matters which petitioner's counsel attempted to lay before him in said petition. It appears, therefore, that, if the judge were to consider Manguran's petition that the sentence against him be set aside and he be allowed to withdraw his plea of guilty, such motion would necessarily be denied, as Manguran was not misled in entering his plea, and the judge in sentencing him passed upon all matters raised by the petition. Under such circumstances, we do not think that the writ of mandamus should issue.

As the petitioner is not entitled to a writ of habeas corpus because he is lawfully in the custody of the marshal under a sentence of the court, and as he is not entitled to a writ of mandamus for the reasons hereinbefore set forth, his petition will be denied, and the order staying the execution of his sentence will be dissolved.

Petition denied.