Mr. Chief-Justice Waite
delivered the opinion of the court:
During the pendency of this suit in this court, the Court of Claims, assuming to act under the authority of sec. 1088, Rev. Stat., has granted a new trial, and the United States now ask to dismiss their appeal. This we have often decided they have the right to do. (Latham’s and Deming's Appeals, 9 Wall., 145.) In The United States v. Ayres, (9 Wall., 610,) the motion to dismiss was made by the appellee and resisted by the United States, but it was held “that the order granting the new trial has the effect of vacating the former judgment and to render it null and void,” and the appeal was consequently dismissed. The same principle was recognized in The United States v. Crussell, (12 Wall., 175,) Ex parte Russell, (13 Wall., 664,) and Ex parte The United States, (16 Wall., 699.)
The appellee asks, however, that the cause may be retained, and that the proceedings under which the new trial was granted may be brought here by writ of certiorari for re-examination. Unless this can be done, he admits that the United States should be permitted to dismiss their appeal.
We have only such appellate jurisdiction as has been conferred by Congress, and in the exercise of such as has been conferred we can proceed only in the manner which the la-w prescribes. (Barry v. Mercien, 5 How., 119; Durosseau v. The United States, 6 Cranch. 314; The United States v. Curry, 6 How., 113; Ex parte Vallandigham, 1 Wall., 251.)
From the judgments of the Court of Claims appeals are allowed to this court, (sec. 707 Eev. Stat.,i but no provision has been made for writs of error. Consequently we cannot proceed by writ of error to review the decisions of that court.
At common law the writ of certiorari is used for two purposes: 1, as an appellate proceeding for the re examination of some action of an inferior tribunal; and, 2, as auxiliary process to enable a court to obtain further information in respect to some matter already before it for adjudication. It is for the last purpose only that the writ is employed in this- court.
In the present case the writ is asked, not to bring here any *140 part of the record of the Court of Claims as it existed when the appeal was taken, but to obtain a new record of a new proceeding which has been had since and by which the judgment appealed from has been vacated and a new trial granted in the court below. The object is to inform us not of what was done before the appeal, but what has been done since. Our action under the appeal, however, is confined to what was done before, and if we act at all upon what has been done since, it must be in consequence of some new jurisdiction to be acquired. From what has already been said it is clear that for such a purpose we have no power to issue the writ.
The Court of Claims, by granting a new trial, has resumed control of the cause and the parties. This it had the right to do. Such a power may be somewhat anomalous, but it is expressly given, and, every person, when he submits himself to the jurisdiction of that court for the prosecution of his claim, subjects himself to its operation. The proceedings under which the new trial was obtained are now a part of the record below, and after judgment is finally rendered may be brought here by appeal for review.
Let an order be entered dismissing the appeal, upon the motion of the United States. The motion for a writ of certi-orari is denied.