[No. 6,917.]

# BATEMAN v. THE SUPERIOR COURT.

54  285
121  545

RECEIVER—JURISDICTION—CERTIORARI.—Under the Code of Civil Procedure, the District Court had no jurisdiction to appoint a Receiver in an action of ejectment; and an order making such appointment should be annulled.

ID.— ID.— ID.— CONSTITUTIONAL LAW. — Subdivision 6, of § 564 of the Code of Civil Procedure is but declaratory of the equity jurisdiction conferred upon the District Courts by the former Constitution, in giving them jurisdiction of "all cases in equity," and includes only the suits in which it has been the usage of Courts of Equity to appoint a receiver: their jurisdiction in this respect would have been the same in the absence of the statutory provision.

APPLICATION for writ of *certiorari* to the Superior Court of the City and County of San Francisco, successor to the Twenty-third District Court.

The facts are stated in the opinion.

*Mich. Mullany*, for Plaintiff.

*A. N. Drown*, for Defendant.

Department No. 1, McKINSTRY, P. J.:

An action, in the form which has in this State been usually styled "ejectment," was brought in the late District Court of the Twenty-third Judicial District by the "Savings and Loan Society," a corporation, against the present petitioner and others. Plaintiff therein alleged that it was, and at all times since a certain date, had been, the owner, seized in fee, and entitled to the immediate and exclusive possession of the demanded premises, and that the defendants therein had been in possession of the same from a date included in the period of the alleged ownership of the plaintiff, and since such date had wrongfully and unlawfully withheld, etc.; further, that the rents, issues, and profits of the demanded premises, while plaintiff had been wrongfully excluded therefrom, was the sum of $250 for each and every month. The prayer was for the recovery of the possession of the real property, for the sum of $5,000 "dam-

ages for the withholding thereof," and for the value of the
" rents, issues, and profits," and costs.

The answer in the action of ejectment was a general and
specific denial of all the averments of the complaint, and an
allegation that the defendant, Bateman, was the owner. This
last added no force to the denial of plaintiff's right.

After the issues were made up in the District Court, (the
action has not yet been tried) that Court made an order, of
which the following is the material portion :

" ( *Title of the Action.*)

" On reading the pleadings in said cause, and on filing the
affidavit of Cyrus W. Carmany, the cashier of the plaintiff,
      *    *    *    and on motion of A. N. Drown, attorney for plaint-
iff, the said plaintiff having made and filed a bond,    *    *    *
it is ordered, that the defendant, M. C. Bateman, show cause
before the Judge of this Court at his chambers    *    *    *    why
a Receiver should not be appointed *to take the charge, manage-
ment, and control of the real property* described in the plaintiff's
complaint, *and the proceeds thereof*, during the pendency of said
action, *with power to lease said real property, collect the rents
thereof*, and apply the same, as far as shall be necessary, to the
payment of *taxes, assessments, insurance, and charges on said
real property*, and to protect the same against loss and waste,"
etc.

On the return day mentioned in the foregoing order to show
cause, the District Court, after hearing the parties, appointed
Terence Landry " Receiver," with powers and duties set forth
in the order.

Upon affidavit of petitioner—defendant in the ejectment—a
writ of *certiorari* was issued by this Court to the Superior
Court (successor to the said Twenty-third District Court); and
now, the record and proceeding having been returned, the only
question which we can consider is, whether the District Court
regularly pursued its authority in making the order appointing
the Receiver? Or, in other words, whether, in the action there
pending, and upon the pleadings and affidavits, that Court had
*power* to appoint a Receiver? (Code Civ. Proc. § 1074.)

The cases in which a Receiver may be appointed are enumer-

ated in § 564 of the Code of Civil Procedure, which reads as follows:

· "A receiver may be appointed by the court in which an action is pending, or by the judge thereof:

"1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners, or others, jointly owning, or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or the fund, or proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured.

"2. In an action by a mortgagee for the foreclosure of his mortgage, and the sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt.

"3. After judgment, to carry the judgment into effect.

"4. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.

"5. In cases where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"6. In all other cases where receivers have heretofore been appointed by the usages of courts of equity."

It may be admitted that prior to the Codes a Receiver could have been appointed, before judgment, in an action at law to recover the possession of real property. The 143rd section of the Practice Act of 1851, as amended in 1854, very clearly authorized such appointment. That section provided: "A receiver may be appointed by the court in which the action is pending, or by a judge thereof:

"1st. Before judgment, provisionally on the application of either party when he establishes a *prima facie* right to the

property, or to an interest in the property, which is the subject of the action, and which is in possession of an adverse party, and the property or its rents and profits are in danger of being lost or materially injured or impaired;

" 2nd. After judgment, to dispose of the property according to the judgment, or to preserve it during the pending of an appeal; and,

" 3rd. In such other cases as are in accordance with the practice of courts of equity jurisdiction." (Statutes 1854, p. 61.)

While the former Practice Act continued in operation, a Receiver could not have been appointed *in actions at law* except in the cases provided for in the first and second subdivisions of § 143 (although those subdivisions may also have included suits in equity); and it cannot be doubted that the third subdivision either *conferred* or *recognized* the further power of appointment in all other cases in which it had been the usage of the Court of Chancery to appoint such officers.

The 564th section of the Code of Civil Procedure authorizes the appointment in certain cases *after judgment*, whether the suit be at law or in equity. It also specifies certain classes of " actions " in which Receivers may be named *before* judgment, neither of which includes the present action. The fifth subdivision relates to a class of actions of which the one before us is confessedly not one.

We think the *sixth* subdivision of § 564 of the Code of Civil Procedure was but declaratory of the equity jurisdiction conferred upon the District Courts by the former Constitution, and was intended to include all cases not previously enumerated, in which a Court of Equity would have appointed a Receiver. If the sixth subdivision had been omitted from the section, the District Courts would have had power to appoint Receivers in " cases where receivers had theretofore been appointed by the usages of the courts of equity "; because by art. 6, § 6, of the late Constitution, the District Court had jurisdiction in " all cases in equity." This power was recognized in *La Societé Francaise* v. *The District Court*, 53 Cal. 495. Throughout the opinion in that case, it is assumed that the sixth subdivision of § 564 of the Code was intended to include only the suits in which.

(upon the pleadings, or upon appropriate showing by affidavit or other proofs) it had been the usage of Courts of Equity to appoint a Receiver.   If it had been intended to confer the power to appoint an officer of that character in an action at law for the recovery of the possession of real property, it is not credible that the Legislature would not have said so in terms, since it is apparent that it was their purpose to specify all cases, whether at law or equity, in which Receivers could be appointed.   The five subdivisions containing such specifications are followed by the *sixth*, which provides for the appointment where " receivers have heretofore been appointed by the usages of courts of equity," which expression we conceive to be the equivalent of that employed in the third subdivision of the 143rd section of the former Practice Act—" such cases as are in accordance with the practice of courts of equity jurisdiction."   Either of these expressions simply means, that in addition to the particular instances mentioned in the preceding subdivisions, the appointment should be made by the District Court, as a Court of Equity, in the other suits in which the power would have been employed had there been no statute on the subject, and cannot be construed as authorizing the appointment in an action at law.

We are of opinion that in making the order appointing a Receiver, the District Court exceeded its jurisdiction, and that the order should be annulled.   So ordered.

McKee, J., and Ross, J., concurred.