[No. 8775. In Bank.—May 25, 1885.]

PETER C. SCOTT, Appellant, v. THE SIERRA LUMBER COMPANY, Respondent.

Trust—Sale by Trustee—Purchase For Benefit of Trustees—Fraud.— Where a deed of trust authorizes the trustees upon default to sell the trust property at public auction for cash, a sale to a third person who purchased in pursuance of an agreement with the trustees that he should pay nothing for the property, and should hold it subject to the direction of the trustees, is fraudulent, and will be set aside at the instance of a party beneficially interested in the proceeds of the sale.

Id.—Recording—Constructive Notice.—Where a deed of trust conveys both real and personal property the recording thereof as a conveyance of real estate does not operate as constructive notice of the transfer of the personal property.

Evidence—Objection to Admissibility—Appeal.—An objection to the admissibility of evidence if not made on the trial, cannot be raised for the first time in the Supreme Court.

Pleadings—Equity.—Upon a construction of the pleadings, held, that the action was equitable.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The action was brought to recover the possession of certain real and personal property and damages for withholding the possession. The property in question was owned by the firm of Campbell & Welton, who becoming financially involved on February 1, 1876, conveyed it by a deed of trust to four trustees for the benefit of their creditors, whose claims were consolidated in a promissory note to the trustees for $196,139.82 payable in instalments. Campbell & Welton subsequently sold the property to the Sierra Flume and Lumber Company. This company in part consideration of the purchase, assumed the indebtedness of Campbell & Welton to their creditors, and by payments thereon reduced it to $127,050. The company failed in 1878, and went into bankruptcy. The defendant was formed by a part of the creditors of the Sierra Flume and Lumber Company, for the purpose of acquiring by purchase the property of the bankrupt corporation. This it did. Default having been made in the payment of the indebtedness secured by the deed of trust, the trustees sold the property to the plaintiff on April 28, 1879. The further facts are stated in the opinion of the court.

*George Cadwalader*, for Appellant.

The delivery to the plaintiff of the trustee's deed without the payment of the bid did not make the deed void. It gave him the legal title to the property and power to maintain this action even though his title had been acquired by fraud or held by him in trust. (*Clark* v. *Lockwood,* 21 Cal. 220; 1 Perry on Trusts, § 334; *Shortz* v. *Unangast,* 3 Watts & S. 55; *Canoy* v. *Troutman,* 7 Ired. 155.)

*Cope & Boyd,* also for Appellant.

The effect of the trustee's deed as a transfer of the legal estate does not depend upon a proper execution of the trust in making the sale. If made in violation of the trust it may be impeached in equity, but not at law. (*Canoy* v. *Troutman,* 7 Ired. 155; *Shortz* v. *Unangast,* 3 Watts & S. 55; 1 Perry on Trusts, §§ 321, 334; Hill on Trustees, § 778.) The action is legal, and the mere fact that temporary equitable relief is asked does not change its character. (*Natoma W. & M. Co.* v. *Clarkin,* 14 Cal. 544; Code Civ. Proc. § 526; Pomeroy on Remedies, §§ 76–86; *White* v. *Lyons,* 42 Cal. 279; *Leonard* v. *Rogan,* 20 Wis. 540; *Graves* v. *Spicer,* 58 Barb. 349.)

*E. B. Mastick,* and *C. A. Garter,* for Respondent.

A trustee cannot directly or indirectly become the purchaser at his own sale, therefore the sale to the plaintiff was void as he bought for the trustees. (*Tracy* v. *Colby,* 55 Cal. 67; *Wilbur* v. *Lynde,* 49 Cal. 290; *San Diego* v. *S. D. etc. R. R. Co.* 44 Cal. 106; *Cumberland Coal Co.* v. *Sherman,* 30 Barb. 553; *Davis* v. *Rock Creek L. Co.* 55 Cal. 359; *Scott* v. *Umbarger,* 41 Cal. 410; Civ. Code, § 2229.)

McKINSTRY, J. — The power contained in the deed of trust recited in the complaint and findings, empowered the trustees in case of certain default, to sell at public auction for "gold coin" or cash. The court below found that the trustees offered the real and personal property (except two lots in Red Bluff) for sale, "and struck off the same to the plaintiff, who, at their request and for them, bid the sum of $50,000, upon the distinct understanding that he was not to *pay any money,* or take or have

any interest in the property, otherwise than in trust for them."
It is said by appellant there was no evidence to sustain the fore-
going finding.   But there was evidence that the plaintiff bid off
the property at the request of the trustees, with the understand-
ing that he should pay nothing, and that in fact he paid nothing.
It is suggested the pretended purchase was not made "for" the
trustees but for the creditors.   There was evidence tending to
prove that *some* of the creditors assented to a proposition that a
sale should take place and that the nominal purchaser should
hold the legal title in trust for them and other creditors.   Even
if it should be conceded that the trust could be thus diverted,
there was no evidence that all or a majority in number or amount
of the creditors agreed orally or otherwise to such an arrange-
ment.   There can be little doubt that a pretended purchase made
at the request of the trustees and with the understanding that the
title so acquired should be subject to their direction, was made for
the trustees.   There was evidence to uphold this view of the facts.

The defendant in its answer averred that the purchase was
made in the name of the plaintiff, but to and for the use of Kraft,
one of the trustees, and the court found that it was without con--
sideration and for all the trustees. . The finding, although some-
what broader in terms, is no broader in legal effect than the
allegation of the answer.   It would seem to be unnecessary to
argue that a power to sell at auction for cash, did not authorize
the trustees to convey the legal title to a third person without
consideration.   It is said, however, that the creditors only could
complain of the manner of the sale.   But the instrument of trust
provides that, after payment of the debts due to the creditors
and certain expenses, the balance or surplus of the proceeds of
the sale for cash "shall be paid to the parties of the first part,
their heirs or assigns."   Thus Campbell & Welton and their
assigns were interested in the due execution of the power of sale,
not only as grantors of the legal estate and donors of the special
power, but also as contingent beneficiaries.   Neither Campbell
nor Welton, nor any of their assigns, agreed to surrender their
interest in the estate or its proceeds, and to receive therefor a
claim against the trustees as such, or in their individual capaci-
ties; if, indeed, the transaction with respect to the sale can be
held to have been intended to create such liability.

It is said the deed from the trustees conveyed the legal title on which plaintiff can recover the possession at law, and we are asked to treat the present as an action at law, combining the actions known among us as "ejectment" and "claim and delivery" of personal property.

The court below found that the trustees never received possession of any of the real or personal property described in the complaint, but that Campbell & Welton delivered possession of all the property to the Sierra Flume and Lumber Company, to whom the same was sold for a valuable consideration, $275,000. An allegation of the complaint is: "Campbell & Welton sold all the property (excepting lots 13 and 14, in block No. 13, in the town of Red Bluff), to the Sierra Flume and Lumber Company . . . . for the price of $275,000, out of which said Sierra Flume and Lumber Company retained the amount of said promissory note," etc. This is a very clear admission and statement that the Sierra Flume and Lumber Company were purchasers for value. There is no finding that the Sierra Flume and Lumber Company, or the trustees in bankruptcy, or defendant, had actual notice of the transfer of the personal property to the trustees. The record of the deed of trust operated no constructive notice of the transfer of *personal* property.

It may be conceded that the general power of the trustees to sell and convey was co-extensive with their legal ownership, and that such power was entirely distinct from the special power to sell contained in the deed, and as a consequence, that the deed to plaintiff passed the naked legal title to the lands therein decribed.

There can be no doubt, however, that if plaintiff had commenced an action of ejectment the defendant could have filed a cross-complaint praying that the sale and conveyance to plaintiff be set aside.

But the present suit cannot be upheld as an action at law for the recovery of the possession of the real property. Even if the averment of probative facts as to the transfer of the legal title to the real estate could be held to be sufficient in the action here known as "ejectment," plaintiff has not contented himself with alleging a transfer by deed of the legal title to the trustees, and from the trustees to himself, but has averred an exact execution

of the special power of sale set forth in the deed of trust. Thus the plaintiff tendered an issue as to the due execution of the special power, an issue which, as claimed by appellant, could not have been tried in an action at law; an issue proper to be determined in a court of equity. It is urged by appellant that the allegation of the complaint that the sale was at public auction, to the highest bidder, *for cash*, is not denied by the answer. But the answer denies that the trustees had power to make the sale and alleges that the purchase was for the trustees. The testimony that the sale was not for cash, nor as required by the special power, was admitted without objection on the part of the plaintiff. Had objection to the testimony been taken in the court below the answer might have been amended so as to render it strictly admissible. (*Stringer* v. *Davis*, 30 Cal. 318; *Clark* v. *Phœnix Ins. Co.* 36 Cal. 175.) But a party cannot for the first time in this court object, on any ground, to evidence which was introduced by the adverse party at the trial in the court below without objection made thereto. (*Bliss* v. *Ellsworth*, 36 Cal. 310.) Where evidence is not objected to in the court below, because not admissible under the averments of the answer, it is too late to raise the objection in the Supreme Court. (*Hutchings* v. *Castle*, 48 Cal. 152; *Henry* v. *S. Pa. R. Co.* 50 Cal. 176.) The issue tendered by the plaintiff was in fact tried and the case is here to be treated as if the answer had specifically denied that the sale was at public auction, or to the highest bidder for cash. This equitable issue having been (in effect) made and tried, defendant ought not to be deprived of the benefit of a finding in its favor, as to the execution of the special power of sale and the validity of the conveyance based upon the sale, merely because of its omission to *pray* that the sale be set aside and the conveyance annulled. But, not only do the averments as to the due execution of the special power and the counter-statement of defendant present an issue of fact to be tried appropriately only in a court of equity, but the whole tenor of the complaint indicates a purpose to resort to the court as a court of equity. The complaint concludes with the general prayer, "for such other and further relief as the equity of the case may warrant." Instead of the brief and comprehensive averments held to be sufficient in the action at law, the complaint contains a long

recital of probative facts, many of which would have no place in the evidence, treating the action as simply one at law, and including statements of special equities upon which was based an application for the appointment of a receiver. A receiver was in fact appointed by the court below. A receiver cannot be legally appointed in an action of ejectment. (*Bateman* v. *Superior Court*, 54 Cal. 285.)

Plaintiff selected his forum, and having appealed to a court of equity, was not entitled to have that court try an ejectment, even if his bill should have been dismissed on the ground that he had a complete remedy at law. But he asked for appropriate decree in equity, and if he had got all implied by his allegations and prayer the sale under the special power would have been *validated*. Even if we would be justified in any case in culling separated allegations from a complaint purporting to be an application to the equity side of the Superior Court, and disregarding all other portions of the pleadings, in uniting such separated allegations and creating out of them a sufficient complaint at law, we would not be justified in doing so for the purpose of maintaining a technical right to the possession on the part of the holder of the naked legal title acquired under a sale found (upon an issue actually made) to have been a violation of the trust.

In the view we have taken it is not necessary to consider the effect of the releases introduced by defendant.

The judgment and order denying a new trial are affirmed.

Sharpstein, J., Myrick, J., and Ross, J., concurred.

Rehearing denied.