[Sac. No. 444. Department One.—July 27, 1898.]

## SAN JOSE SAFE DEPOSIT BANK OF SAVINGS, Respondent, v. BANK OF MADERA et al., Appellants.

RECEIVER—MORTGAGE—ACTION BY ASSIGNEE OF CERTIFICATE OF REDEMPTION.—The rights of a mortgagee do not include the right to possess the land, nor to have possession thereof delivered to a receiver, in an action not prosecuted for the purpose of foreclosure; and in an action by an assignee of a certificate of redemption, to compel a sheriff's deed, and to quiet the title to the land sold, in which it appears that plaintiff is only a mortgagee of the interest of the redemptioner in the land, he has no right to the appointment of a receiver to take possession of the property, and to collect the rents.

ID.—ENFORCEMENT OF JUDGMENT FOR RENTS—STAY OF EXECUTION.—A receiver cannot be appointed to carry into effect a judgment for plaintiff for the recovery of rents, where the execution of such judgment has been stayed by proper bond, pending an appeal therefrom by the defendant.

ID.—COLLECTION OF FUTURE RENTS—ACTION PROCEEDING UPON OWNERSHIP.—A receiver cannot be appointed for the purpose of collecting and preserving future rents to abide the result of an action which is not in the nature of a suit in equity to subject the rents to the payment of a mortgage debt, but which proceeds on the assumption of ownership by plaintiff of the land and the profits thereof.

ID.—ACTION FOR LEGAL RIGHTS—RECEIVER NOT AUTHORIZED.—In such an action involving merely legal, as distinguished from equitable, rights, the law does not authorize the appointment of a receiver.

APPEAL—ORDER GRANTING NEW TRIAL—JUDGMENT—DISMISSAL—COSTS.—Where an order granting a new trial has been affirmed upon appeal, the judgment falls, and an appeal therefrom should be dismissed, at the costs of the respondent.

APPEALS from a judgment of the Superior Court of Madera County and from an order appointing a receiver. W. M. Conley, Judge.

The facts are stated in the opinion in this case, and in the opinion in *San Jose Safe Deposit Bank of Savings v. Bank of Madera, ante,* p. 539.

R. L. Hargrove, W. T. Searles, B. W. Child, and Sawyer & Burnett, for Appellants.

Francis E. Spencer, and Jackson Hatch, for Respondent.

BRITT, C.—Appeals by defendants from a judgment and a subsequent order appointing a receiver. The main facts in the case are stated in the opinion rendered on the plaintiff's appeal from the order granting a new trial. The judgment included a provision that plaintiff recover from the defendant Bank of Madera the sum of seventeen hundred and forty-five dollars, rents of the land in dispute, collected by said defendant from June 29, 1895, the date of the deeds made to it by Charles and Mary Dworack, to November 7, 1896, the date of the court's decision in the case. On February 15, 1897, the Bank of Madera and certain other defendants appealed from the judgment, and gave a bond in double the amount of the pecuniary recovery to stay execution thereof pending the appeal. June 1, 1897, the court made an order granting a new trial on the motion of said defendants, and the plaintiff appealed therefrom on July 2d following. August 10, 1897, on the application of plaintiff the court appointed a receiver "to take and keep possession of the real property described in the judgment . . . . and to receive and collect the rents, issues, and profits thereof, from date of said judgment until the further order of the court."

This order was erroneous. We have seen in affirming the order granting a new trial that the ultimate rights of the plaintiff are, if anything, those of a mortgagee; these do not include the right to possess the land (Civ. Code, sec. 2927), nor to have possession thereof delivered to a receiver (*Guy v. Ide*, 6 Cal. 99; 65 Am. Dec. 490), except, by statute now, in an action to foreclose the mortgage. (Code Civ. Proc., sec. 564, subd. 2.) Plaintiff's action is not prosecuted for the purpose of foreclosure. The complaint contains no allegation even that the money loaned to Mary Dworack has not been repaid. The averments of the complaint, in so far as they furnish a basis for the recovery of the rents and profits of the land, are meager; but if they may be regarded sufficient for that purpose, still the appointment of a receiver of the rents was not proper; it was not made in order to carry the judgment into effect, nor could it have been, since

(aside from any consequence of the order granting a new trial) the judgment for money was stayed by a proper bond (*Havemeyer v. Superior Court,* 84 Cal. 328; 18 Am. St. Rep. 192), and was not proper with a view to preserving the future rents, etc., to abide the result of the action, because plaintiff's case has not the character of a suit in equity to subject the rents to payment of Mary Dworack's debt to plaintiff; on the contrary, it proceeds on the assumed ownership by plaintiff of the land and the profits thereof (*Henry v. Everts,* 30 Cal. 425); in such a case, involving merely legal as distinguished from equitable rights, the law does not authorize the appointment of a receiver. (*Bateman v. Superior Court,* 54 Cal. 285; *Scott v. Sierra Lumber Co.,* 67 Cal. 76.) The case of *Whitney v. Buckman,* 26 Cal. 447, on which plaintiff seems to rely, was decided on a former statutory provision which was not re-enacted in section 564 of the Code of Civil Procedure; this distinction is pointed out in *Bateman v. Superior Court, supra.*

As the order granting a new trial on defendants' motion has been affirmed here, the judgment of course falls and the appeal taken therefrom should be dismissed; the order appointing a receiver should be reversed, defendants to recover costs on both appeals.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the appeal from the judgment is dismissed; the order appointing a receiver is reversed; defendants to recover costs on both appeals.

Garoutte, J., Van Fleet, J., Harrison, J.