[Sac. No. 2272. In Bank.—February 13, 1917.]

## CHARLES E. MILLER, Appellant, v. HARRIET A. OLIVER et al., Respondents.

RECEIVER—PROPERTY IN POSSESSION OF OWNER—INTERFERENCE BY TRES-
PASSER.—The owner of land and personal property used in connec-
tion therewith, of which he is actually in possession, is not entitled
to have a receiver appointed to take over the custody and manage-
ment of the property, in order to protect it from the interference
and trespasses of a person who is merely living on the land with his
permission.

ID.—WHEN RECEIVER MAY BE APPOINTED.—Except in cases where re-
ceivers have heretofore been appointed by the usages of courts of
equity, a situation expressly covered by subdivision 6 of section 564
of the Code of Civil Procedure, a receiver may be appointed only
in such cases as the statute expressly specifies.

APPEAL from an order of the Superior Court of San
Joaquin County appointing a receiver *pendente lite*. Frank
H. Smith, Judge.

The facts are stated in the opinion of the court.

Webster, Webster & Blewett, and A. H. Carpenter, for
Appellant.

A. H. Ashley, and Clary & Louttit, for Respondents.

ANGELLOTTI, C. J.—This is an appeal by the plaintiff
from an order appointing a receiver *pendente lite* on the
application of defendants. The order was one appointing
W. J. Hersom receiver ''of the real and personal property
mentioned'' in the pleadings for the purpose of protecting
and caring for the same, and to manage the same as
directed by the court. It was provided in the order that the
plaintiff and his wife should not be removed from the prem-
ises unless so required by a subsequent order, and that plain-
tiff might be employed, if the receiver so elects, to assist him
in such care and protection. The order summarized the pur-
pose as follows: ''In other words, the receiver is to protect
and substantially preserve *in statu quo*, the property of the
parties to this action, but, unless necessary or unless ordered

by this court, not to interfere with the residence of the plaintiff and his wife on said premises.''

The action was instituted by plaintiff for the purpose of having it adjudged that he was the owner of the real property described in the complaint, that a conveyance thereof made by him to defendant Miller Farm Company on June 21, 1907, was made without consideration, and upon its promise and that of defendants Oliver that the premises would be reconveyed to him upon demand, and by reason of undue influence on the part of said Olivers. He asked for a decree declaring him the owner of such property and canceling the deed to the Miller Farm Company. The allegations of the complaint were denied in the answer filed by the three defendants, and in that portion of the answer styled a ''further and separate defense herein,'' embracing fifty-five pages of the printed transcript, defendants set up many matters upon which they asked, in addition to a judgment that defendant corporation is the absolute and unqualified owner in fee of such real property, for affirmative relief of various kinds, including relief as to certain personal property used in connection with the realty, which was farm property, and also in the matter of determining the relative rights of defendant J. E. Oliver and plaintiff in the shares of stock of the Miller Farm Company. To prevent interference pending the litigation by plaintiff and his wife with the real and personal property alleged to belong to the corporation, both a receiver and an injunction were asked. It was upon these allegations and certain affidavits, which add nothing that is material to the question before us, that the order appointing the receiver was made.

We are unable to find in the record legal support for the order appealed from.

The matter of the relative rights of J. E. Oliver and the plaintiff in the shares of stock of defendant corporation and the proper disposition of said shares is of course not material in this connection. Nothing in regard thereto assists in determining the question whether a receiver should have been appointed to take charge and management of the real property claimed by the plaintiff and defendant corporation, and the personal property of the latter located thereon. The ''property or fund'' which Oliver was seeking to subject to his alleged claim against plaintiff was the shares of stock in

defendant corporation, and not the real and personal property of the corporation. Nothing in subdivision 1 of section 564 of the Code of Civil Procedure authorized the appointment of the receiver on the application of the defendants, and the order must be sustained, if at all, as one authorized by subdivision 6 of said section, by which it is provided that a receiver may be appointed "in all other cases where receivers have heretofore been appointed by the usages of courts of equity."

So far as we can see from the record, the situation as to the real and personal property, so far as material, is as follows: The plaintiff claims to be the owner of all the property, and seeks the cancellation of the deed under which defendants claim that the corporation is the owner and entitled to the immediate possession. Defendants' showing is substantially that the defendant corporation was in actual possession and management of all the property except in so far as complete actual possession was impaired by the occupancy by plaintiff of the dwelling-house on the realty as a dwelling place, and the use of the barns, all under permission of defendant corporation and as an occupant merely by sufferance. Being so on the property he was claiming to be the owner and entitled to control it. In great detail it was alleged that he was interfering in various ways with the management of the property by the corporation, even to its practical exclusion therefrom, to the great injury of the property and the corporation owning it. We may assume for the purposes of this decision that the showing in this behalf was of such a nature that it would have sufficiently warranted the granting of an injunction to prohibit this alleged occupant by sufferance from thus interfering with the control and management of the property, on the same theory that any mere trespasser whose unlawful acts were of such a nature and so continuous as to warrant equitable relief might be enjoined. But it does not follow that a receiver might properly be appointed. Of course, if the plaintiff were in actual possession of the property, claiming ownership and the right of possession and full control, no receiver could lawfully be appointed in view of our well-settled law. The sole remedy of the corporation claiming ownership and the right to possession would be at law to recover possession, and it is settled that in such a case, under our statute, a receiver may not be appointed, for it

is not a case where a receiver has "heretofore been appointed by the usages of courts of equity," or one in which such an appointment is specially authorized by any statute. (See *Bateman* v. *Superior Court*, 54 Cal. 285; *San Jose Safe-Deposit Bank* v. *Bank of Madera*, 121 Cal. 543, 545, [54 Pac. 85].) The appointment of a receiver cannot be justified upon any theory that plaintiff is in actual possession of the property. So far as we can understand the theory of defendants as to the facts, the corporation is seeking to protect its property, of which it is actually in possession, from interference to its great injury and loss, at the hands of another who is merely living on the land with its permission. So far as the right to a receiver is concerned, its relation to him is simply the relation of any owner in possession to an unlawful trespasser. By reason of his living upon the land, he may have greater opportunity to impede and interfere with the owner in the enjoyment of its rights of ownership and possession, but this does not affect the question. We are at a complete loss to find any good basis for a conclusion that in such a situation a receiver may be appointed on the application of the owner to take over the custody and management of the property, and protect it against such trespasses and interference.

It is thoroughly settled that, except in cases where receivers have heretofore been appointed by the usages of courts of equity, a situation expressly covered by subdivision 6 of section 564 of the Code of Civil Procedure, a receiver may be appointed only in such cases as the statute expressly specifies. We find no warrant for a conclusion that the usages of courts of equity support an appointment in such a situation as we have here, and it seems very clear to us that no statute authorized the appointment. Something is said about the transaction between J. E. Oliver and plaintiff constituting a trust, but the trust, if any, was one solely in relation to the shares of stock in Oliver's name claimed by plaintiff.

The order appointing a receiver is reversed.

Shaw, J., Sloss, J., Melvin, J., Lorigan, J., Henshaw, J., and Lawlor J., concurred.