[Civ. No. 4079. Second Appellate District, Division One.—January 27, 1923.]

ANNA WILSON GRIMES, Respondent, v. SARAH ANN LAMAR et al., Appellants.

[1] NEW TRIAL — PREMATURE NOTICE OF ENTRY OF JUDGMENT — TIME FOR MAKING MOTION.—A notice of entry of judgment given prior to the entry of judgment is premature and ineffectual for any purpose; and where no subsequent notice is given, a notice of intention to move for a new trial served and filed within the time

in which the trial court might act on a motion for a new trial is not too late.

[2] ID. — REFUSAL TO CONSIDER MOTION ON MERITS — DEPRIVATION OF SUBSTANTIAL RIGHT—APPEAL.—Where a motion for a new trial is properly noticed, and one of the grounds stated in the proposed motion is that the evidence is insufficient to justify the decision against the defendants, the refusal of the trial court to consider the motion for a new trial on its merits deprives the defendants of a substantial right which cannot be corrected on appeal from the judgment; and on appeal from the order dismissing such motion for a new trial, such order will be reversed.

APPEAL from an order of the Superior Court of Los Angeles County dismissing a motion for a new trial. Albert Lee Stephens, Judge. Reversed.

The facts are stated in the opinion of the court.

Porter C. Blackburn for Appellants.

R. E. Bledsoe and Geo. B. Ross for Respondent.

CONREY, P. J.—In this action judgment against the defendants was entered on the thirteenth day of September, 1921. On the ninth day of that month the plaintiff gave notice to the defendants that judgment had been entered on the sixth day of September, 1921. On the twenty-third day of November, 1921, the defendants served upon the plaintiff and on the twenty-sixth day of that month filed a notice of intention to move for a new trial. On the third day of December, 1921, the plaintiff moved for dismissal of the motion for a new trial on the ground that the notice of intention to move for a new trial was not given within the time allowed by law. This motion was granted. On December 13, 1921, the defendants gave notice of appeal from the judgment and from the order granting plaintiff's motion to dismiss the motion for a new trial.

[1] The notice of entry of judgment was premature and ineffectual for any purpose, since there could be no valid notice of the existence of something which did not in fact exist. (*North American Co.* v. *Outer Harbor Co.*, 178 Cal. 406 [173 Pac. 756].) Therefore the notice of intention to move for a new trial was not too late. And at the time when the order of dismissal was made, the time within

which the court might act on the motion for new trial had not expired. (Code Civ. Proc., sec. 660.)

[2] Without attempting to contest the proposition that the order dismissing the proceedings for a new trial was erroneous, respondent claims that such action of the court was harmless error, and not prejudicial to the rights of appellant, because there is an appeal from the judgment, and because, as respondent contends, "there is nothing in the record to detract from the righteousness of the judgment rendered in respondent's favor," and that there could not have been any warrant for the granting of a new trial on any of the grounds asserted in the motion.

One of the grounds stated in the proposed motion for a new trial was that the evidence is insufficient to justify the decision. Under the rule that on appeal this court will not reverse a judgment on account of insufficiency of the evidence if there is a substantial conflict in the evidence, it may be that we would be required to affirm the judgment. But the trial judge, in considering the motion for a new trial, would not have been bound by that rule. It might be (although we are not to be understood as intimating that it would be) that in reviewing the evidence he would have been dissatisfied with the findings and would have granted the motion. This he would have had authority to do. It follows, therefore, that by refusal to consider the motion for a new trial on its merits, and by dismissal of that motion, the defendants have been deprived of a substantial right which cannot be corrected on appeal from the judgment as the record now stands. Therefore, it is our conclusion that the order dismissing the motion for a new trial should be reversed.

It seems to us that in this condition of the case we should not at this time proceed to determine on its merits the appeal from the judgment. If, pursuant to the reversal of the order, and on hearing of the motion for a new trial, the lower court should make an order granting that motion, the effect of that order would be to set aside the judgment, and a dismissal of the appeal from the judgment would appropriately follow. If, on the other hand, the motion for a new trial is denied, the order denying that motion may be brought into the record here on appeal from the judgment, and we may then review the merits of the order denying

60 Cal. App.—40

the motion for a new trial in connection with and as a part of the appeal from the judgment. (Code Civ. Proc., sec. 956.)

The submission of the appeal from the judgment is set aside. The order dismissing the motion for a new trial is reversed.

James, J., and Houser, J., concurred.