[Civ. No. 6017. First Appellate District, Division One—May 4, 1928.]

HENRY JAMESON, Respondent, v. C. C. WARREN et al., Appellants.

Clark, Nichols & Eltse for Appellants.

Dozier, Kimball & Dozier for Respondent.

CASHIN, J.—An appeal by the defendants from an order denying a motion to amend the conclusions of law upon the findings of fact in the above-entitled action and for the entry therein of a different judgment.

Respondent makes the preliminary objections that the order was not appealable, and that the notice of intention to move to vacate the judgment was not given within the time prescribed by section 663a of the Code of Civil Procedure.

As held in the following cases, the order was appealable: *California Delta Farms* v. *Chinese etc. Farms,* 201 Cal. 201

[255 Pac. 1097]; *Condon* v. *Donohue,* 160 Cal. 749 [118 Pac. 113].

The section required that the notice of intention therein provided for should be served and filed within ten days after notice of the entry of judgment. The notice of entry of the judgment and the only notice served was mailed to the attorneys for appellants on November 14, 1924; but, as shown by the record, the judgment in the action was not entered until November 18, 1924. This notice was premature, and therefore ineffectual (*North American Dredging Co.* v. *Outer Harbor etc. Co.,* 178 Cal. 406 [173 Pac. 756]; *Grimes* v. *Lamar,* 60 Cal. App. 623 [213 Pac. 270]), and the notice of intention, which was served and filed on December 3, 1924, was within time.

The action was one for rescission, the complaint alleging that the plaintiff was induced by the fraudulent representations of defendant Warren to exchange 100 shares of the stock of Guarantee Mortgage Company for certain shares of the common and preferred stock of Morosco Holding Company, Inc., owned by Warren. It was further alleged that defendant Lynip claimed an interest in the stock transferred by the plaintiff to Warren and that the claim was without right.

The court found the allegations of fraud to be true and that the plaintiff was entitled to rescind. It was further found that the stock of the Morosco Holding Company was valueless, and, by implication, that the stock of the Guarantee Mortgage Company had been pledged to defendant Lynip by Warren to secure the payment of a promissory note executed by the latter for the sum of $2,000; that no part of the note nor any sums under the contract hereinafter mentioned had been paid to Lynip; and that the latter acquired an interest in the stock in good faith for value and without notice of the fraud or the claim of plaintiff, it being further found, however, with respect to this transaction "that the said loan, promissory note and contract above set forth are not in full force and effect except to the extent of $2,000."

The contract referred to as shown by the findings was in the form of a letter signed by Lynip and addressed to and approved in writing by Warren, and of which the following is a copy:

"October 1, 1923.

"Mr. C. C. Warren,
  "Oakland, California.
"Dear Sir:

"I am this day receiving from you a certificate No. 410, dated July 9th, 1923, signed by W. A. Swall, President, and W. H. Lemman, Sect., for one hundred (100) shares of capital stock of the Guarantee Mortgage Company, San Francisco, U. S. A., incorporated under the laws of the State of California, 1919. And I hand you herewith my check for two thousand dollars ($2000.00) for which I am receiving your note for two thousand ($2000.00) dated this 1st day of October, 1923, bearing interest at the rate of eight per cent (8%) per annum. Conformable to the agreement which we had this day I am accepting the above described certificate of stock as security for the loan of two thousand ($2000.00), and I agree to return to you, provided the loan is not paid within Fifteen days (15), one-half of all the amount received on said stock from the Guarantee Mortgage Company as a dividend over and above Four Thousand dollars ($4000.00).

"Should the same be paid within fifteen days I will deliver to you three-quarters (¾) of the amount over and above the two thousand dollars ($2000.00) received from the dividends. It is understood that the first money received from the Guarantee Mortgage Company is to apply on the principal of the note. It is understood and agreed that the note of $2000.00 received from you for my check for like amount will be paid on October 31, 1923, as specified in said note, and that the amount received from the dividends from said company will be paid to you as above stated together with the two thousand dollars ($2000.00) which you may pay on October 31, 1923.

                    "(Signed)   B. F. Lynip."

As conclusions of law it was found that the agreement between the plaintiff and Warren was fraudulent and void, and that the stock of the Guarantee Mortgage Company should be delivered to the plaintiff subject to a lien thereon in favor of the defendant Lynip in the sum of $2,000; that the plaintiff should take judgment against Warren for the sum of $2,000, and that the stock of the Morosco Holding Company be delivered to Warren upon the payment of the money judgment against him; and, further, that

Lynip had no right, title, or interest in the stock of the Guarantee Mortgage Company except to the extent of his lien thereon.

The judgment followed the above conclusions; and as grounds for the motion it was urged that the conclusions that plaintiff was entitled to a money judgment against Warren and that the contract between the latter and Lynip was usurious or otherwise illegal and should not be enforced according to its terms, were not supported by the findings.

Appellants moved for an order vacating the judgment, amending the conclusions of law, and for the entry of a new judgment denying a personal judgment against Warren and adjudging Lynip to be entitled to enforce the contract with Warren according to its terms, with the right to the possession of the stock of the Guarantee Mortgage Company as therein provided.

■ The findings that the exchange of stock between the plaintiff and Warren was induced by the fraud of the latter, and that the stock received by the plaintiff was valueless, with the further finding that the plaintiff was entitled to the return of the stock of the Guarantee Mortgage Company upon payment of the amount secured by Lynip's lien thereon, were sufficient to support a personal judgment against Warren for a like amount, and the motion to amend the conclusions of law in this respect was properly denied.

Appellants contend that without a finding of facts showing that the contract between them was usurious or otherwise illegal the conclusion of the trial court that the same was "not in full force and effect except to the extent of $2,000" cannot be sustained.

The usury law provides that no person shall directly or indirectly take or receive any money, goods, or things in action, or in any other manner whatsoever, any greater sum or any greater value for the loan or forbearance of money, goods, or things in action than at the rate of $12 upon $100 for one year; and that any agreement or contract of any nature in conflict with this provision shall be null and void at to any agreement or stipulation therein contained to pay interest. (Stats. 1919, p. lxxxiii.)

According to the contract the stock was delivered to Lynip as security for a note dated October 1, 1923, which

Warren agreed to pay in any event on October 31, 1923. In addition to such payment it was agreed that the lender should be entitled to certain sums from any dividends made by the corporation—which, as may be inferred from the pleadings of the defendants, was in course of liquidation, the amounts being dependent upon whether the note be paid before or after 15 days from its date. As the contract appears to have been construed by the trial court (with which construction we agree) it was agreed that should the loan with interest be paid within 15 days the lender, still being entitled to retain the stock, should receive, in addition to such payment, the first $2,000 paid as dividends, and one-quarter of all further dividends. If the note was not paid within 15 days he was to retain the sum of $4,000 out of such dividends, plus one-half of all further dividends, it being further stipulated, however, that in case the borrower repaid the loan on October 31, 1923, he would be entitled to the return thereof, but only out of dividends received by the lender over and above the sum of $2,000.

The interest on the note at the rate stipulated, namely, eight per cent per annum, would at maturity have amounted to $13.33, and would have amounted to $20 had the parties stipulated for the maximum amount of interest that could be legally exacted. █ When the payment of the full legal interest or any part thereof is subject to a contingency so that the lender's lawful profit is wholly or partially put in hazard, the interest so contingently payable need not be limited to the legal rate, providing the parties are contracting in good faith and without intent to avoid the statute against usury. (39 Cyc., Usury, p. 952.)

In the present case, however, while the evidence respecting the condition of the corporation is not before us, it sufficiently appears from the record that large dividends upon the stock pledged were anticipated, and that under the terms of the agreement the lender—who was to be repaid the principal of his loan with interest in any event—was entitled to retain from such dividends more than double the amount of the loan, if the latter should not be repaid in fifteen days. We think it is sufficiently shown by the terms of the contract that it was the intention of the parties to violate the usury law; and that the effect of their agreement, in view of what fairly appears to have

been the condition of the corporation within their knowledge, was to exact for the use of the amount loaned sums in excess of a lawful rate of interest.

■ While we agree with the conclusions of the trial court as to the effect of the transaction, and that the stipulation for the payment of interest is unenforceable, we are nevertheless of the opinion that Lynip as a pledgee was entitled to the possession of the stock as security for the repayment of the amount loaned (Civ. Code, secs. 2896, 2988; *Puckhaber* v. *Henry*, 152 Cal. 419 [125 Am. St. Rep. 75, 14 Ann. Cas. 844, 93 Pac. 114]), and that the motion to that extent should have been granted.

The judgment for the above reason should be modified by providing therein that certificate No. 410 for 100 shares of the capital stock of Guarantee Mortgage Company now in possession of the clerk of the superior court of the state of · California in and for the county of Alameda be delivered to B. F. Lynip, as pledgee thereof, and that the same is subject to a lien thereon in favor of said pledgee as security for the payment of the sum of $2,000.

It is therefore ordered that the cause be remanded, with instructions to the court to modify its judgment in accordance with the above, and subject to such modification of the judgment the order appealed from is affirmed, appellant Lynip to recover his costs of appeal.

Tyler, P. J., and Knight, J., concurred.