[Civ. No. 10107.   Second Appellate District, Division One.—June 18, 1935.]

L. P. FORRESTER, Respondent, v. ANNA SPITZER et al., Appellants.

L. G. Shelton for Appellants.

Dailey S. Stafford, Grant Chapman and Charles W. Cradick for Respondent.

CONREY, P. J.—This case comes before the court upon a motion of respondent to dismiss the appeals.   The motion is upon several grounds of which one is, that the appeals are frivolous and taken only for delay.

The only transcript on file is the clerk's transcript filed November 10, 1934.   When the motion came on for hearing appellants asked leave to file their opening brief.   We have allowed that brief to be filed as of that date, March 7, 1935,

and will consider it as part of appellants' opposition to the motion.

The judgment is based entirely upon findings in relation to paragraph two of the third cause of action of the plaintiff's complaint. That cause of action as pleaded was an account stated in the sum of $5,175.02. The court found that at the time stated in the complaint there was an account stated between the parties, but that the amount thereof was $682.44. Judgment was entered accordingly. The plaintiff being dissatisfied with this judgment presented his motion for a new trial. The judgment was rendered by Judge Desmond. When the motion for new trial came on for hearing the trial judge was no longer a judge of that court and therefore the motion had to be presented to another judge. After due hearing before Judge Minor Moore the motion for new trial was granted "upon the ground of the insufficiency of the evidence". Notice of this order was served on counsel for defendant on May 12, 1934. The defendants failed to prepare their bill of exceptions within the time allowed by law. On June 15, 1934, after due notice the defendants presented to the court a motion under section 473 of the Code of Civil Procedure, for relief on the ground of excusable neglect, from their default in the matter of filing their proposed bill of exceptions on appeal from order granting new trial. This motion was denied.

The defendants' filed notices of appeal as follows: On May 17, 1934, appeal from the order granting plaintiff's motion for a new trial; on May 24, 1934, appeal from the judgment; on June 19, 1934, appeal from the order denying relief from default in the matter of the proposed bill of exceptions. From the clerk's supplemental transcript it appears that appellants first requested the clerk to prepare for them reporter's transcripts, but did not comply with the statutory requirements (sec. 953b, Code Civ. Proc.) necessary to entitle them to those transcripts.

An examination of the affidavits on the motion for relief from default in the matter of the bill of exceptions shows that they are not sufficient to establish an abuse of the discretion of the court in denying the motion. This leaves the appeal from the order granting the motion for new trial unsupported by any record from which it could be determined that the court erred in granting that motion. Since for

these reasons the order granting motion for new trial must be affirmed, it follows that by virtue of that order the judgment has been set aside and there is no longer any reason for considering the appeal therefrom.

The order denying relief from default is affirmed; the order granting motion for new trial is affirmed; and the appeal from the judgment is dismissed.

Houser, J., and York, J., concurred.