**ALLEGHENY COUNTY v. MARYLAND CASUALTY CO.**

No. 7962.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 8, 1942.

Decided Jan. 22, 1943.

See, also, 32 F.Supp. 297.

Edward G. Bothwell, of Pittsburgh, Pa. (Walter P. Smart, of Pittsburgh, Pa., on the brief), for appellant.

Oliver K. Eaton, of Pittsburgh, Pa. (Duane R. Dills and Jack J. Levinson, both of New York City, and George W. Dexter, of Baltimore, Md., on the brief), for appellee.

Before BIGGS and MARIS, Circuit Judges, and AVIS, District Judge.

MARIS, Circuit Judge.

The plaintiff, the County of Allegheny, in 1931 purchased 1100 voting machines from the Poole Engineering and Machine Company at a total price of $1,120,900. Alleging a breach of performance of the contract of purchase the county brought suit in a state court against the defendant as surety upon a bond for $200,000 which had been given by the vendor for the faithful performance of the contract. The suit was removed by the defendant to the federal district court for the Western District of Pennsylvania. A trial by jury resulted in a verdict for the plaintiff and judgment for the full amount of the bond and interest. The defendant thereupon filed alternative motions to set aside the verdict and enter judgment in its favor and for a new trial as permitted by Civil Procedure Rule 50(b), 28 U.S.C.A. following section 723c. After argument of the motions the court entered an order setting aside the verdict for the plaintiff and directing that judgment be entered for the defendant. It omitted to act upon the motion for a new trial.

Thereafter upon the motion of the plaintiff calling attention to this omission the court vacated its order entering judgment for the defendant and one day later disposed of both motions by entering the following orders:

"And now, to wit, November 15, 1941, it is hereby ordered that the verdict in favor of the County of Allegheny, Plaintiff in above entitled cause, is hereby vacated and set aside, and that judgment be entered for the Maryland Casualty Company, Defendant, and against said County of Allegheny, Plaintiff."

"And now, to wit, November 15, 1941, upon consideration thereof, the motion of the Maryland Casualty Company, Defendant, for a new trial, alternative to its Motion for Judgment granted as of even date hereof, is hereby granted for reasons recited in the foregoing memorandum."

The reasons given in the court's memorandum opinion for granting a new trial include errors in the admission of evidence, as well as the error involved in the court's refusal of the defendant's request for a directed verdict. The plaintiff has appealed.

 We are confronted at the outset with the question whether the record discloses a final appealable judgment. The second order above quoted directed a new trial of the cause. While it recited that the defendant's motion upon which it was granted was alternative to the defendant's motion for judgment, the order itself was not made subject to the condition that it should become effective only if the judgment entered for the defendant should be reversed on appeal. On the contrary it granted the motion for a new trial in absolute and unconditional terms and its necessary effect, therefore, was to vacate the judgment just entered for the defendant n. o. v. which in turn had vacated the original judgment for the plaintiff. For it is settled that the granting of a new trial has the effect of vacating an existing judgment in the cause. United States v. Ayres, 1869, 9 Wall. 608, 76 U.S. 608, 19 L.Ed. 625, 627; United States v. Young, 1876, 94 U.S. 258, 24 L.Ed. 153. A subsisting order that the issues be tried again is obviously inconsistent with the continued existence of a judgment settling those issues.[1] As the Supreme Court of Pennsylvania said in March v. Philadelphia & West Chester Trac. Co., 1926, 285 Pa. 413, 416, 132 A. 355, 356, " * * * a new trial and a judgment cannot be in effect at the same time in the same case." It follows that the granting of a new trial sets aside both the verdict and the judgment entered upon it without any specific mention of either. Iaco-

---

[1] The inconsistency of entering absolute orders for judgment and for a new trial has been recognized by many state courts. In Newland v. Lehigh Val. R. Co., 1934, 315 Pa. 193, page 198, 173 A. 822, page 825, the court said, "Of course, it could not effectively grant a new trial and enter judgment for defendant n. o. v. at the same time. March v. Philadelphia & West Chester Traction Co., 285 Pa. 413, 416, 132 A. 355. It, therefore, formally dismissed defendant's rule for a new trial, but suggested that, if we reversed the judgment n. o. v., we might, if we deemed it proper, 'reinstate the rule for a new trial * * * to the end that justice might be done.'"

In Scott v. Waggoner, 1914, 48 Mont. 536, 139 P. 454, L.R.A.1916C, 491, the court said: "This proceeding, with its separate appeals from the judgment and from an order granting a new trial in the same case, aptly illustrates one of the anomalies of our appellate procedure. As the effect of an order granting a new trial is to set aside the verdict or other decision upon the facts, and thus to abrogate the judgment founded thereon, and as the order granting the new trial in this case was entered before the notice of ap-

peal from the judgment was filed, it would seem that there was no judgment to appeal from. The office of an appeal from the judgment is to present questions of law, but its effect, if successful, is to do what in this case has been done, viz., to abrogate the judgment. The effect of the order appealed from is, of course, conditional, and a reversal of it would operate to restore the judgment; so that, from this point of view, we are asked by one of these appeals to undo what by the other it is sought to have done."

In Blackburn v. Abila, 1895, 4 Cal.Unrep.Cas. 982, 39 P. 797, the court said, "This present appeal was taken by the defendant, Abila, from the original judgment in favor of the plaintiffs. * * * As, however, the effect of the affirmance of the order granting a new trial has been to set aside the judgment, the only appropriate order that can now be made in the present appeal is to dismiss it." To the same effect are San José Safe Deposit Bank v. Bank of Madera, 1898, 121 Cal. 543, 54 P. 85; Grimes v. Lamar, 1923, 60 Cal.App. 623, 213 P. 270, and Forrester v. Spitzer, 1935, 7 Cal.App.2d 650, 46 P.2d 999.

vino v. Caterino, 1939, 336 Pa. 308, 9 A.2d 620; Kingsdorf v. Frank Gamburg, Inc., 1942, 147 Pa.Super. 84, 24 A.2d 140.

The fact that both the judgment n. o. v. and the order for a new trial were entered at substantially the same time does not change the result. The order entering the judgment n. o. v. corrected the judgment previously entered on the verdict. It placed upon the record the judgment which would have been entered had the court granted the defendant's motion for a directed verdict. The judgment thus entered was in turn set aside by the new trial order which looked to the future and directed that the issues be tried again regardless of either judgment.

It is urged that the court's action was in accord with the procedure outlined by the Supreme Court in Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. In that case it was said (pages 253, 254 of 311 U.S., page 195 of 61 S.Ct., 85 L.Ed. 147): "If alternative prayers or motions are presented, as here, we hold that the trial judge should rule on the motion for judgment. Whatever his ruling thereon he should also rule on the motion for a new trial, indicating the grounds of his decision. * * * Should the trial judge enter judgment n. o. v. and, in the alternative, grant a new trial on any of the grounds assigned therefor, his disposition of the motion for a new trial would not ordinarily be reviewable, and only his action in entering judgment would be ground of appeal. If the judgment were reversed, the case, on remand, would be governed by the trial judge's award of a new trial."

■ We may not assume that the Supreme Court by this language contemplated the entry of inconsistent orders such as were entered in the present case. On the contrary the last sentence quoted indicates that what that court had in mind was the entry of an order granting a new trial as an alternative in the sense of a succedaneum intended to take the place of the judgment n. o. v. only if and when that judgment should be vacated by reversal on appeal. Under such procedure the judgment n. o. v. is and remains a final enforceable judgment unless and until vacated upon reversal and only in that contingency is a new trial to be had.

■ It may be suggested that the court in the case before us desired to follow the procedure outlined in the Montgomery Ward case and did not intend by its new trial order to vacate the judgment n. o. v. But it must be remembered that a judgment is the sentence of the law given by the court as the result of proceedings instituted therein for the redress of an injury. If it is a final judgment it terminates the controversy and either merges into itself or bars the plaintiff's claim. It thus itself becomes the generating source of new rights and liabilities of the parties. Under the constitution it is entitled to full faith and credit in every American jurisdiction. It may become a lien upon the losing party's land within the court's territorial jurisdiction and thus affect the title thereto. These considerations and many others which readily come to mind indicate the necessity of a final judgment being clear and unambiguous in its meaning and effect. It would be intolerable if the binding force and effect of such a judgment were to depend upon whether an extrinsic condition was, because of a contrary judicial intent, to be read into a new trial order which was absolute on its face. Under such circumstances the parties could no longer with safety rely upon the certainty and finality which have always been associated with a final judgment. It follows that the unconditional grant of a new trial by the court must be given its effect regardless of any contrary judicial intent not expressed therein.

■ We realize that the district court may well have intended that its new trial order should not be effective so long as the judgment for the defendant n. o. v. remained in effect and that it inadvertently omitted the condition from the order. If this is so it would seem that the court might still vacate or condition its grant of a new trial[2] and thereupon reinstate the judgment for the defendant which then would become a final judgment appealable under Sec. 128 of the Judicial Code, 28 U. S.C.A. § 225. Since, however, as we have seen, the judgment for the plaintiff entered on the verdict in this case was set aside by the court and the subsequent judgment for the defendant n. o. v. was necessarily vacated by the unconditional award of a new trial no final judgment now exists in the cause which we may review upon the ap-

---

[2] See Evans v. Freeman, C.C.Pa.1907, 149 F. 1020; Storey v. Storey, D.C.Wis.1915, 221 F. 262.

peal now before us. The granting of a new trial, being interlocutory, is not appealable, as we have heretofore held in granting the defendant's motion to dismiss so much· of the present appeal as related thereto.

The appeal is dismissed.