[Civ. No. 17122.   Second Dist., Div. Two.   Dec. 9, 1949.]

GEORGIA C. BLODGETT et al., Respondents, v. FRANK D. HADDOCK, Appellant.

Maury, Harrington & Houck, Ray L. Mayfield and George R. Maury for Appellant.

James S. Jarrott and Wm. Ray Schirmer for Respondents.

MOORE, P. J.—The question for decision is whether an order appointing a receiver for the corpus of a testamentary trust estate which has reverted to the heirs of the testator upon the death of the sole beneficiary is valid.

In his lifetime Francis R. Fencil bequeathed ten-elevenths of the residue of his estate to 10 designated children. The remaining one-eleventh he bequeathed in trust to his executors as trustees for his "daughter, Anna M. Haddock, so long as she lives. At her death, the said trust fund . . . shall be equally divided among my remaining children or the issue of deceased children." Pursuant to said bequest the trustees with the consent of Anna about August 1, 1940, acquired Lot 309, Tract 3477, Los Angeles County, made improvements thereon for which they used $7,000 which constituted the one-eleventh of the residue. After the decease of Anna, October 2, 1945, her surviving husband, Frank D. Haddock, occupied one of the dwelling units on Lot 309 and collected rentals from the three tenants in possession of the other three units, aggregating $160 per month. Frank is without means or assets to pay any judgment for rentals; has no income other than from the trust property. So finding, the trial court made the order appointing a receiver, from which comes this appeal.

There is no error in the order appointing the receiver or in the proceedings therefor. While such appointment is not proper in an ejectment or other strictly legal action the rights of adverse occupants of land which is the subject of an action in partition may be tried and determined in such action. (*Middlecoff* v. *Cronise*, 155 Cal. 185, 191 [100 P. 232, 17 Ann.Cas. 1159] ; *Adams* v. *Hopkins*, 144 Cal. 19, 29 [77 P. 712].) The superior court has jurisdiction to appoint a receiver as an ancillary remedy in an action for partition of real property among tenants in common and should do so when the circumstances require it. (*Lent* v. *H. C. Morris Co.*, 25 Cal.App.2d 305, 307 [77 P.2d 301].) Such an action being one in equity, the court had jurisdiction to hear and determine all the issues in order to do complete justice by deciding the whole case. (*Hendrickson* v. *Bertelson*, 1 Cal.2d 430, 434 [35 P.2d 318].)

The court below found that appellant occupies real property whose title reverted to his codefendants and to the respondents upon the decease of Anna Haddock. Having acquired only a life estate in the property, Anna had no interest to pass on to her husband at her death. On the con-

trary, the fee in the property vested in Francis R. Fencil's other progeny upon Anna's decease. Although appellant had invested no capital in the lot or its improvements and had acquired no interest by prescription yet he had asserted an adversary interest in the property some four months prior to the commencement of this action. As such adverse claimant an action in partition was appropriate to reach him as one in possession. (Code Civ. Proc., § 753.) Since he was without assets or income from which a judgment could have been satisfied and had no divine guaranty for avoiding death or protracted illness, how could the heirs and devisees of the testator have been made secure against loss otherwise than by the appointment of a receiver to collect and conserve the revenues earned by the properties pending the outcome of a trial?

Such is the remedy prescribed by statute (Code Civ. Proc., § 564) and long in use in actions for partition as acknowledged by appellant. His thesis is that in the present action he was a defendant in possession and the purpose of the lawsuit was to eject him; that an action to eject is one for possession and is legal, not equitable, citing *Miller* v. *Oliver*, 174 Cal. 407 [163 P. 355]; *Scott* v. *Sierra Lumber Co.*, 67 Cal. 71 [7 P. 131]; *Bateman* v. *Superior Court*, 54 Cal. 285. Not one of his cited cases involved a partition. All were actions at law; hence the motion in each for the appointment of a receiver was necessarily denied. ■ It is otherwise in actions in equity. Pending the ultimate disposition the corpus and its income must be so conserved by the court as to enable the rightful owners to come into their own. (*Mines* v. *Superior Court*, 216 Cal. 776, 778 [16 P.2d 732].) Such appointment rests largely in the discretion of the trial court. (*Goes* v. *Perry*, 18 Cal.2d 373, 381 [115 P.2d 441].)

Order affirmed.

McComb, J., and Wilson, J., concurred.